IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBERT DAVID STEELE, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1140 (RDA/IDD) |
| ) | |
| JASON GOODMAN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes before the Court on *pro se* Defendant Jason Goodman's Motion to Dismiss. Dkt. 9. A substantially similar version of this case came before the Honorable M. Hannah Lauck in the Richmond Division of the United States District Court for the Eastern District of Virginia as *Robert David Steele, et al. v. Jason Goodman*, No. 3:17-cv-601 (E.D. Va.). That case proceeded to discovery, and the Court addressed a number of violations of the Federal Rules of Civil Procedure and the Court's Local Rules. The Court began a show cause hearing on July 15, 2020, which continued on July 27, 2020. *Id.* ECF Nos. 215; 216. On July 27, 2020, the Court "address[ed] whether or not either party should consider engaging in another standoff." *Id.* ECF No. 216 at 97. To provide the parties time "to contemplate their actions, future and past, with regard to this case," the Court stayed the matter. *Id.* The following day, on July 28, 2020, Judge Lauck issued an order memorializing the Court's decision to impose a 60-day stay of the case, which was set to expire on September 26, 2020. *Id.* ECF No. 213.

Then, on September 24, 2020, Plaintiffs Robert David Steele and Earth Intelligence Network filed a Second Amended Complaint in the action in the Richmond Division. *Id.* ECF No. 216. In an order issued on September 25, 2020, the Court noted that the Second Amended Complaint "arrive[d]

before the Court lifted its written stay or issuing an order dismissing this case without prejudice, as explained during the Show Cause Hearings." *Id.* ECF No. 217. The Court also observed that the Second Amended Complaint "spans an unnecessary fifty-seven pages" in contravention of Federal Rule of Civil Procedure 8's requirements that plaintiffs file a "short and plain statement" to support their claims, Fed. R. Civ. P. 8(a), and that they present "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). *Id.* The Court then dismissed the action without prejudice. *Id.*

Three days later, on September 28, 2020, Plaintiffs filed suit in the Alexandria Division of this District. Dkt. 1. Plaintiffs bring claims for defamation *per se*, insulting words, business conspiracy, common law conspiracy, and unauthorized use of name and picture. *Id.* These claims for relief are identical to the claims Plaintiffs brought in their Second Amended Complaint in the Richmond Division. In addition, the Court has compared the Complaint filed in this Court with the Second Amended Complaint that Judge Lauck dismissed without prejudice and finds that the allegations are strikingly similar. Much of the forty-six page Complaint appears to be a verbatim reproduction of the Second Amended Complaint Plaintiffs filed in the Richmond Division. *Compare* Dkt. 1, ¶ 23 *with Robert David Steele, et al. v. Jason Goodman*, No. 3:17-cv-601 (E.D. Va.) (ECF No. 216, ¶ 19) ("Goodman, Negron, and Holmes's false and defamatory statements (detailed above) have devastated Robert and have destroyed the business of the Earth Intelligence Network").[1]

Judge Lauck also addressed the question of venue when Defendant sought to transfer the case to the Southern District of New York. After hearing argument, Judge Lauck declined to transfer the case, determining that the action should remain in her court. The Court made explicit that if the parties chose to continue litigating, the Richmond Division would be the appropriate forum, ruling that if the parties "engag[ed] in another standoff[,]" "it would have to be here, and it would have to

---

[1] The Complaint repeatedly references alleged conduct by "Goodman, Negron, and Holmes"—even though Jason Goodman is the only defendant against whom Plaintiffs seek relief.

2

be in my court." *Id.* ECF No. 97. Instead, Plaintiffs filed a new Complaint in this Division.

Here, Defendant argues that Plaintiffs have flouted the Court's instruction providing that further litigation between the parties should occur in the Richmond Division, but has not explicitly moved to transfer the case to Richmond. *See* Dkt. 10 at 1-2. "Nonetheless, the transfer of a case can be accomplished *sua sponte*." *See Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc.*, 628 F. Supp. 2d 674, 685 (E.D. Va. 2009) (citing *Jensen v. Klayman*, 115 F. App'x 634, 635-36 (4th Cir. 2004)). When the Court considers whether to transfer venue to another division within the Eastern District of Virginia, the Court follows "[t]he venue rules stated in 28 U.S.C. § 1391" in order "to determine the proper division in which an action shall be filed." E.D. Va. Loc. Civ. R. 3(C). "For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" *Id.*

As an initial matter, 28 U.S.C. § "1404(a) . . . applies to actions in which venue is proper, but it nonetheless permits a court, in its discretion, to transfer a case 'for the convenience of parties and witnesses,' among other factors, 'to any other district or division where it might have been brought.'" *Newbauer v. Jackson Hewitt Tax Serv. Inc.*, No. 2:18-cv-679, 2019 WL 1398172, *2 (E.D. Va. Mar. 28, 2019). Thus, in this matter, the central question is not whether venue is proper in the Alexandria Division. The question is instead whether this Court should transfer this case to the Richmond Division because such a transfer would be convenient to the parties and witnesses and because it would be "in the interest of justice." 28 U.S.C. § 1404(a).

Accordingly, Section 1404(a) guides a district court as it considers whether to transfer venue. Applying that statute, "a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum.'" *Bascom Research, LLC v. Facebook, Inc.*, No.

3

1:12-cv-1111, 2012 WL 12918407, *1 (E.D. Va. Dec. 11, 2012) (quoting *Adilent Tech., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 324-25 (E.D. Va. 2004)). This Court also balances "the weight accorded to [a] plaintiff's choice of venue," *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015), but ultimately, "[t]he decision whether to transfer an action pursuant to § 1404(a) 'is committed to the sound discretion of the district court.'" *BHP Int'l Inv. Inc. v. OnLine Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000) (quoting *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 591 (E.D. Va. 1992)).

It is beyond dispute that the claims in this lawsuit might have been brought in the Richmond Division. Indeed, this Court need not resort to conjecture on this point as Plaintiffs did, in fact, bring the same claims in a nearly identical pleading filed in the Richmond Division mere days before filing this action in the Alexandria Division. As for the factor regarding the interest of justice and convenience of the parties and witnesses, the Court's Richmond Division has invested significant time and resources into a case between the same parties. In that case, the parties litigated substantially similar claims, proceeding through discovery. A trial date was set before the Court dismissed the action without prejudice. Although Defendant previously sought to transfer the Richmond case to the Southern District of New York, the Court concluded that venue was proper in this District. This Court weighs these facts, the filing of this case following Judge Lauck's dismissal of the first action between the parties, and considerations of judicial economy in finding that the interest of justice and convenience of the parties and witnesses justify transfer of this action to the Richmond Division.

Having considered Defendant's Motion to Dismiss (Dkt. 9) and Memorandum in Support (Dkt. 10) and Plaintiffs' Opposition (Dkt. 11), it is hereby ORDERED that this matter, including the Court's ruling on Defendant's Motion to Dismiss, is STAYED until further order of the Court.

The Clerk is directed to close this civil action in the Alexandria Division and transfer the matter to the Richmond Division. As discussed above, and for purposes of reassignment, the Court

notes that the Honorable M. Hannah Lauck has presided over similar litigation involving these same parties in the case captioned *Robert David Steele, et al. v. Jason Goodman*, No. 3:17-cv-601 (E.D. Va.).

The Clerk is further directed to forward a copy of this Order to counsel for Plaintiffs and to the *pro se* Defendant's address of record.

It is SO ORDERED.

Alexandria, Virginia
September 1, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge