1                   IN THE UNITED STATES DISTRICT COURT

2

3                 FOR THE EASTERN DISTRICT OF VIRGINIA

4                       RICHMOND DIVISION

5   KATHY STEELE, Administrator of the Estate   |  Case No: 3:21-cv-00573-JAG
    of Robert David Steele
6

7   -and-                              **JUDICIAL NOTICE**

8   EARTH INTELLIGENCE NETWORK

9          Plaintiff,

10  vs.

11  JASON GOODMAN

12         Defendants

13

14       Pro Se Defendant Jason Goodman ("Goodman") comes now to provide Judicial Notice of

15  a related filing in unrelated litigation pertaining to an order from Judge Valerie Caproni of the

16
    U.S. District Court for the Southern District of New York in The National Academy of
17

18  Television Arts and Sciences et al v Multimedia System Design, Inc. ("NATAS v MSD") *See*

19  Case 1:20-cv-07269-VEC-OTW ECF No. 156

20      As noted before the deadline in an unnecessary filing by non-party David George

21  Sweigert ("Sweigert") the Court is aware Goodman has been ordered to file the attached order

22
    **(EXHIBIT A)** with each lawsuit to which he is party.  Goodman also asks the Court take judicial
23

24  notice of the appeal of this order filed March 20, 2022 in NATAS v MSD **(EXHIBIT B)** and the

25  motion seeking clarification filed in Goodman v Sharp **(EXHIBIT C)**

26      Defendant Goodman further asks the Court to take judicial notice of Sweigert's

27  inappropriate interest in this matter.  Sweigert and his brother George Webb Sweigert ("Webb")

28  PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
    BY ATTORNEYS - 1



1  have fomented a multitude of lawsuits against Goodman since 2017.  Webb introduced Goodman

2  to the original plaintiff in this matter Robert David Steele.  Sweigert attempted to intervene in

3  this matter previously and continues to show an abnormal interest in cases concerning Goodman.

4
5  Sweigert has made public statements against his own interest describing a family history of

6  clinically diagnosed and pharmaceutically treated schizophrenia. (*See*

7  https://odysee.com/@CounterSpoliation:6/CIA-Dave-Acton-court-testimony-George-Webb-

8  part1of2:c)  These statements and abnormal actions cause Goodman to believe Sweigert is

9  mentally ill and a danger to himself, to Goodman and to the public.

10
11         Webb and Sweigert have antagonized Goodman in multiple U.S. District Courts around

12  the country.  Goodman has filed an Amicus Brief in the Eastern District of Michigan providing

13  prima facie evidence of a conspiracy between a federal employee of the court, Sweigert and

14  Webb. (**EXHIBIT D**)

15

16

17  Signed this 21st day of March 2022

18  Respectfully submitted,

19

20                                             Jason Goodman, Defendant, Pro Se
                                               252 7th Avenue Apt 6s
21                                             New York, NY 10001
                                               (323) 744-7594
22                                             truth@crowdsourcethetruth.org

23

24

25

26

27

28  PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
    BY ATTORNEYS - 2

(EXHIBIT A)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2022
```

-------------------------------------------------------------X

THE NATIONAL ACADEMY OF TELEVISION    :
ARTS AND SCIENCES, INC. and ACADEMY    :
OF TELEVISION ARTS & SCIENCES,    :

:

                                Plaintiffs,    :          20-CV-7269 (VEC)

:

                -against-    :           ORDER

:

MULTIMEDIA SYSTEM DESIGN, INC.    :
d/b/a "CROWDSOURCE THE TRUTH",    :

:

                          Defendant.    :

-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       In late 2020, the National Academy of Television Arts and Sciences and the Academy of

Television Arts & Sciences sued Multimedia System Design, Inc., d/b/a Crowdsource the Truth

("MSD") for violating its copyright and trademark on the Emmy statuette and for defamation.

*See* Compl., Dkt. 1; *see also* Am. Compl., Dkt. 62. Thus began litigation that has now ended

with a default judgment being entered against the Defendant following its failure to hire an

attorney to represent it after its initial attorney was relieved. This Order addresses misconduct by

the sole shareholder and employee of MSD, Jason Goodman, in connection with this litigation.

Mr. Goodman is a conspiracy theorist who has an ongoing feud with D. George Sweigert ("Mr.

Sweigert") that plays out, among other places, on the internet and via federal court litigation.

*See, e.g.*, *Sweigert v. Goodman*, No. 18-CV-8653 (S.D.N.Y.).

       On December 18, 2020, MSD (represented at the time) and the Plaintiffs stipulated to a

Protective Order that provided, *inter alia*: "no person subject to this Order may disclose . . .

Confidential Discovery Material to anyone else except as this Order expressly permits." *See*

Protective Order, Dkt. 41 at 2. On August 13, 2021, while a motion for sanctions was pending

against MSD, *see* Dkts. 63, 66, MSD's attorney sought to be relieved because he was purportedly afraid of Mr. Sweigert, *see* Dkts. 100, 101. The motion represented that the sole principal of MSD, Mr. Goodman, did not object to the attorney being relieved. The Court granted the attorney's request to be relieved and adjourned *sine die* MSD's time to respond to the outstanding motion for sanctions. *See* Orders, Dkts. 103, 104.

On August 24, 2021, just days after MSD's attorney had been relieved, Plaintiffs notified the Court via a sealed letter that Mr. Goodman had violated the Protective Order. *See* Pls. Ltr., Dkt. 109; *see also* Dkt. 113. Plaintiffs attached to their letter an email string that included (in chronological order): (1) part of an email dated June 4, 2021, from Mr. Sweigert, using the email address spoliation-notice@mailbox.org, to New York State's Attorney Grievance Committee complaining about MSD's attorney; (2) another email from Mr. Sweigert to the Grievance Committee, dated August 16, 2021, purporting to provide background information on the attorney's "disassociation from his client"; (3) an email from Mr. Sweigert dated August 23, 2021, to the New York Attorney General complaining about MSD and Jason Goodman; (4) an email, dated August 23, 2021 at 11:52 a.m., from Jason Goodman "to all recipients of David George Sweigert's malicious email," complaining about Mr. Sweigert and stating, *inter alia*, that Mr. Sweigert caused a "fraudulent email message to be sent to the National Academy of Television Arts and Sciences" from a specified email address (hereafter referred to as "the confidential email address") and that email message caused a lawsuit to be filed against Goodman[1]; (5) an August 23, 2021, responsive email from Larry Klayman (who is an attorney); and (6) an August 23, 2021, response from Mr. Goodman to Mr. Klayman, which was copied to more than thirty email addresses, including Plaintiffs' counsel and the confidential email address.

---

[1]      The reference to the lawsuit being filed against Mr. Goodman is apparently a reference to this lawsuit, which, in fact, was filed against MSD, not Mr. Goodman.

*See* Dkt. 109-1; *see also* Dkt. 113 at Ex. A. In Mr. Goodman's August 23, 2021, response to Mr.

Klayman, Mr. Goodman explained that the goal of his 11:52 a.m. email had been to get the word

out that Mr. Sweigert is "crazy without saying anything that he can allege is defamatory."

Further, Mr. Goodman explained:

> I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy
> guy and if they don't unalign themselves it's gonna give me more evidence to show
> that they're working together. I also sent this to [the confidential email address]
> first time I ever emailed that address. Let's see if there's any response. Now that
> I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not
> even Pro Se so they could just yell at me and tell me not to do it again.

Dkt. 109-1 at 1; *see also* Dkt. 113 at Ex. A at 1. After determining that neither Mr. Goodman

nor MSD were represented by Mr. Klayman, the Court ordered Mr. Goodman to show cause why

he should not be sanctioned for violating the Protective Order. *See* Order, Dkt. 112.[2] Mr.

Goodman asserted in his written response, "I did not know the email was subject to the

protection order. . . . I recall [MSD's former attorney] telling me that Plaintiff did something that

put the address into the public domain, but I cannot recall what that was. . . . Any improper

revelation was inadvertent and unintentional." Response, Dkt. 114. After receiving Mr.

Goodman's response and the Plaintiffs' reply, Dkt. 117, plus two more submissions from Mr.

Goodman, Dkts. 120, 121, the Court scheduled an evidentiary hearing, Dkt. 122. The hearing

was held on October 25, 2021. *See* Oct. 25, 2021 Hearing Tr., Dkt. 129.

     Although his written response and the email that triggered this Order implicitly admitted

that he was aware that a Protective Order was in place, at the hearing, Mr. Goodman testified,

incredibly, that he was unsure whether he had known that there was a Protective Order in place

until Plaintiffs notified him in August that he had violated it. *See id.* at 6:4–17. Although his

---

[2]     The Court also ordered Plaintiffs to refile their August 24, 2021, letter publicly with the confidential email
address redacted. *See* Order, Dkt. 112. Plaintiffs did so on August 26, 2021. *See* Dkt. 113.

written response stated that he could not recall why he thought the confidential email address
was public, at the time of the hearing, Mr. Goodman recalled being told by MSD's former
attorney in May 2021 that the confidential email was no longer confidential because it had been
spoken aloud during a deposition (which itself had been marked confidential in its entirety, *see
id.* at 11:13–15) and Plaintiffs' counsel did not move to strike it from the record, *see id.* at 7:11–
18, 9:7–15, 10:22–11:9, 18:1–6.  At the same time, Mr. Goodman acknowledged that MSD's
attorney had told him prior to being relieved that he could not simply email the confidential
email address, *see id.* at 9:16–19, 10:22–24, 12:9–11, advice that would make no sense if the
attorney had advised Mr. Goodman that it was no longer subject to the Protective Order.[3]

  "Sanctions may be authorized by any of a number of rules or statutory provisions, or may
be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113
(2d Cir. 1997).  As relevant here, "district courts have the inherent power" to sanction a party
"for bad faith conduct violating the court's orders." *S. New England Tel. Co. v. Glob. NAPs Inc.*,
624 F.3d 123, 144 (2d Cir. 2010); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)
("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent
power simply because that conduct could also be sanctioned under the statute or the Rules.").  A
court may impose sanctions under its inherent authority if it finds by "clear evidence that the
conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters
Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  "Conduct is entirely

---

[3]  Why the email address is confidential is not entirely clear.  According to Plaintiffs' counsel, it is
confidential because it communicated to Plaintiffs through a members-only portal; thus, exposure of the email
address could jeopardize the confidentiality of Plaintiffs' membership. *See* Oct. 25, 2021 Hearing Tr. at 32:9–33:1.
While that argument may or may not have prevailed in the face of a defense request to the Court to remove it from
the constraints of the Protective Order, the fact that Plaintiffs designated the email address as confidential has fueled
Mr. Goodman's suspicion that his nemesis, Mr. Sweigert, used that email address to foment this litigation and that
Plaintiffs are wrongfully trying to hide their association with him. *See id.* at 9:22–23, 16:1–9, 24:1–7, 41:16–42:10.
The provenance of the email address and its role *vel non* in the genesis of this litigation are irrelevant to whether Mr.
Goodman violated the Protective Order.

without color when it lacks any legal or factual basis." *Id.*; *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) ("A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'") (citation omitted).

.Applying this standard, a sanction for Mr. Goodman's violation of the Protective Order is appropriate. The Protective Order was clear and unambiguous that "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Dkt. 41 at 2. It is obvious from the face of Mr. Goodman's August 23, 2021 email that Mr. Goodman was well aware that the confidential email address was confidential. If he were not aware of that fact (that is, if his testimony at the hearing were truthful that he thought the email address was no longer confidential), his statement in the August 23, 2021 email — which he accidentally copied to a group of many people (including Plaintiffs' counsel)[4] — that his attorney "can't get sanctioned" for using and disclosing the confidential email address would make no sense. Accordingly, it is simply not plausible that Mr. Goodman misunderstood the situation. *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011); *see also Roberts v. Bennaceur*, 658 F. App'x 611, 615 (2d Cir. 2016) (summary order) (imposing sanctions based on numerous "misrepresentations" and "inadequate explanations" that demonstrated "bad faith throughout these proceedings") (citation omitted). Rather, Mr. Goodman's violation of the Protective Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire to prove that Mr. Sweigert was behind the confidential

---

[4]      The Court can take judicial notice that the practice of hitting "reply all" on emails not infrequently results in emails being inadvertently sent to many recipients. The evidence that Mr. Goodman sent the email in question to the copyees inadvertently is that he promptly called Plaintiffs' counsel, asked her to delete the email, and characterized the email as having been sent inadvertently. *See* Dkt. 113 at Ex. B; *see also* Oct. 25, 2021 Hearing Tr. at 43:7–9 ("At the time I composed [the August 23, 2021, email] I understood it was a statement being made to private, to a friend[.] [T]hat [*i.e.*, sending it to many recipients] was inadvertent.").

email address.[5]  For all of these reasons, the Court concludes that Mr. Goodman willfully

violated the terms of the Protective Order and disregarded the authority of the Court.

The Court has considered what an appropriate sanction would be. *See Macolor v.*

*Libiran*, No. 14-CV-4555, 2015 WL 1267337, at *5 (S.D.N.Y. Mar. 18, 2015) (sanctions must

be "no more severe than reasonably necessary to deter repetition" of the misconduct "or

comparable conduct by similarly situated persons") (cleaned up).  By Order entered today, the

underlying lawsuit has been terminated with a default judgment against MSD.  Nevertheless,

given Mr. Goodman's propensity to become involved in litigation on both sides of the versus

sign, the Court finds that an appropriate sanction is to require Mr. Goodman, for the next two

years, to notify all other Courts in which he litigates and all other parties against whom or with

whom he litigates that a Court has determined that he willfully violated a Protective Order during

litigation. *See, e.g., Gallop v. Cheney*, 667 F.3d 226, 230 (2d Cir. 2012) (requiring sanctioned

counsel "for a period of one year from the date of entry of this order, to provide notice of the

sanctions imposed upon him in this case . . . to any federal court in this Circuit before which he

appears or seeks to appear").  To accomplish this, Mr. Goodman must, until **February 22, 2024**,

file a copy of this Order in every lawsuit in which he or any company in which he is a majority

shareholder is a party.  This Order applies whether the lawsuit is in state court or federal court

and whether Mr. Goodman or his company is represented or *pro se.*  Should he fail to do so, that

would be a contempt of this Court's Order and would be punished accordingly.

Mr. Goodman must file a certification, under penalty of perjury, with this Court, not later

than **March 22, 2022**, listing all cases in which he is engaged as of that date, and affirming that

this Order has been filed in each case.  Thereafter, on the one-year anniversary of this Order,

---

[5]      Whether it was Mr. Sweigert who notified Plaintiffs of the misuse of the Emmy statuette is, of course, not
relevant to whether MSD's actions violated Plaintiffs' intellectual property rights.

until and including 2024, Mr. Goodman must file a similar certification, under penalty of perjury,

listing all cases in which he has been engaged since the prior certification, and affirming that the

Order was filed in all of the cases.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman

at: 252 7th Avenue #6s, New York, NY 10001.


**SO ORDERED.**

Date:  February 22, 2022                          **VALERIE CAPRONI**
        New York, NY                              **United States District Judge**

7

**(EXHIBIT B)**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES, | Case No.: 20-cv-07269-VEC-OTW |
| Plaintiff, | **NOTICE OF APPEAL** |
| vs. | |
| MULTIM EDIASYSTEM DESIGN, INC., | |
| Defendant | |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/2022
```

Notice is hereby given that JASON GOODMAN, Movant-Appellant, Proposed Intervenor, Agent/Sole Shareholder for MULTIMEDIA SYSTEM DESIGN, INC., defendant in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the order issued February 22, 2022 (*See* 1:20-cv-07269-VEC-OTW ECF No. 156).

Signed this 20th day of March 2022

Respectfully submitted,

Jason Goodman, Movant-Appellant, Proposed Intervenor, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

**(EXHIBIT C)**

1

IN THE UNITED STATES DISTRICT COURT

2

3

FOR THE SOUTHERN DISTRICT OF NEW YORK

4

JASON GOODMAN

Case No.: 1:21-cv-10627-VEC

5

Plaintiff,

6

vs.

**NOTICE OF MOTION COMPLYING
WITH ORDER 156 AND SEEKING
CLARIFICATION FROM THE COURT
AND AN EXTENSION OF TIME TO FILE
CERTIFICATION**

7

ADAM SHARP, TERRANCE O'REILLY,

8

FRANK SCHERMA, MARGARET
ESQUENET, NATIONAL ACADEMY OF

9

TELEVISION ARTS AND SCIENCES, INC.,
ACADEMY OF TELEVISION ARTS AND

10

SCIENCES, INC.,

11

Defendants

12

13

Pro Se Plaintiff Jason Goodman ("Goodman") will file a motion to inform the Court of a

14

required notification and seeking clarification to resolve an intractable conflict.

15

16

17

Signed this 20th day of March 2022

18

Respectfully submitted,

19

20

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s

21

New York, NY 10001
(323) 744-7594

22

truth@crowdsourcethetruth.org

23

24

25

26

27

28

PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
BY ATTORNEYS - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN | Case No.: 1:21-cv-10627-VEC |
| Plaintiff, | |
| vs. | **MOTION SEEKING CLARIFICATION FROM THE COURT AND AN EXTENSION OF TIME TO FILE CERTIFICATION** |
| ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARET ESQUENET, NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., | |
| Defendants | |

Pro Se Plaintiff Jason Goodman ("Goodman") comes now seeking clarification from the

Court to resolve an apparent legal conflict and obtain an extension of time to file the ordered

certification pending clarification of the order in Case 1:20-cv-07269-VEC-OTW ECF No. 156.

The Court is aware Goodman has been ordered to file the attached order (**EXHIBIT A**)

with each lawsuit to which he is party and under penalty of perjury to file no later than March 22,

2022, a certification listing all cases in which he is engaged, including this instant action.  Since

the order is from Judge Caproni, she is the only person who can provide the necessary guidance.

As the Court is also aware, an email address ("the confidential email address") related to

The National Academy of Television Arts and Sciences et al v Multimedia System Design, Inc

("NATAS v MSD") was deemed confidential in a stipulated order of protection ("SOP") which

stated in part "no person subject to this Order may disclose . . .Confidential Discovery Material".

PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
BY ATTORNEYS - 1

1

2          The legal question arises from the empirical fact that the confidential email address was

3    no longer confidential on May 15, 2021, when it was published on the public docket in the

4    transcript of a conference from that litigation. (*See* 1:20-cv-07269-VEC-OTW ECF No. 69).  It

5    cannot be denied that it is impossible for something to be both published to the public and

6    simultaneously confidential.  The confidential email address ceased being confidential discovery

7    material when it became public domain information and was no longer subject to the terms of the

8    SOP.  Goodman was aware of this three months prior to his publication of the address.

9          Judge Caproni has arrived at various conclusions regarding Goodman's thoughts that do

10   not comport with Goodman's actual thoughts.  This matter should not be decided on subjective

11   interpretations of what may or may not have been understood or intended.  The empirical facts in

12

13   this matter indicate that Goodman did not violate the SOP and therefore compelling him to enter

14   pleadings in U.S. District courts claiming he did would be compelling perjury.

15         Judge Caproni's order fails to consider the fact that Sam Eicherner ("Eichner") revealed

16   the confidential email address, and it was published in the transcript on the public docket which

17

18   changed it from confidential discovery material to public domain information.  This oversight is

19   a clear error and warrants reconsideration, clarification, and a resolution of this perjury paradox.

20         Goodman accurately recalled at the October 2021 show cause hearing that his attorney

21   Snyder told him the email address was in the public domain after Eichner revealed it.  Goodman

22

23   agrees with the Court that Snyder's refusal to pursue the address and anger at Goodman's desire

24   to do so is contradictory and makes no sense, but Goodman cannot explain Snyder's motives.

25   Even if Goodman testified clumsily at the October show cause hearing, it cannot go unmentioned

26

27

28   PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
     BY ATTORNEYS - 2

1  that Judge Caproni compelled him to testify without preparation or representation.  Goodman has

2  been denied justice and has not been allowed to defend his testimony pro se.

3
            Whatever anyone believes or disbelieves about Goodman's state of mind, intent, or
4
5  previous testimony, it is undeniable that the confidential email address was no longer

6  confidential in August 2021 when Goodman responded to an email from non-party Sweigert.

7
            Compelling Goodman under penalty of perjury to inform a U.S. District Court that he
8
   violated the SOP for the reasons stated is compelling Goodman to knowingly make a false
9
   statement.  This legal paradox causes Goodman to seek guidance from the Court and to
10
11  respectfully request the Court reconsider the empirical fact that Goodman did not violate the

12  SOP.  Eichner revealed the information and placed it in the public domain removing it from the

13  control of the SOP prior to Goodman's publication of it.

14

15
   Signed this 20th day of March 2022
16
17  Respectfully submitted,

18
                                                        Jason Goodman, Plaintiff, Pro Se
19                                                      252 7th Avenue Apt 6s
                                                        New York, NY 10001
20                                                      (323) 744-7594
21                                                      truth@crowdsourcethetruth.org

22

23

24

25

26

27

28  PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
   BY ATTORNEYS - 3

```
                                                    ┌─────────────────────────────────┐
                                                    │ USDC SDNY                        │
UNITED STATES DISTRICT COURT                        │ DOCUMENT                         │
SOUTHERN DISTRICT OF NEW YORK                       │ ELECTRONICALLY FILED             │
-------------------------------------------X        │ DOC #:_____           │
THE NATIONAL ACADEMY OF TELEVISION    :             │ DATE FILED: 2/22/2022            │
ARTS AND SCIENCES, INC. and ACADEMY   :             └─────────────────────────────────┘
OF TELEVISION ARTS & SCIENCES,        :
                                      :
                         Plaintiffs,  :             20-CV-7269 (VEC)
                                      :
          -against-                   :                 ORDER
                                      :
MULTIMEDIA SYSTEM DESIGN, INC.        :
d/b/a "CROWDSOURCE THE TRUTH",        :
                                      :
                         Defendant.   :
-------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

In late 2020, the National Academy of Television Arts and Sciences and the Academy of Television Arts & Sciences sued Multimedia System Design, Inc., d/b/a Crowdsource the Truth ("MSD") for violating its copyright and trademark on the Emmy statuette and for defamation. *See* Compl., Dkt. 1; *see also* Am. Compl., Dkt. 62. Thus began litigation that has now ended with a default judgment being entered against the Defendant following its failure to hire an attorney to represent it after its initial attorney was relieved. This Order addresses misconduct by the sole shareholder and employee of MSD, Jason Goodman, in connection with this litigation. Mr. Goodman is a conspiracy theorist who has an ongoing feud with D. George Sweigert ("Mr. Sweigert") that plays out, among other places, on the internet and via federal court litigation. *See, e.g., Sweigert v. Goodman*, No. 18-CV-8653 (S.D.N.Y.).

On December 18, 2020, MSD (represented at the time) and the Plaintiffs stipulated to a Protective Order that provided, *inter alia*: "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Protective Order, Dkt. 41 at 2. On August 13, 2021, while a motion for sanctions was pending

against MSD, *see* Dkts. 63, 66, MSD's attorney sought to be relieved because he was purportedly afraid of Mr. Sweigert, *see* Dkts. 100, 101. The motion represented that the sole principal of MSD, Mr. Goodman, did not object to the attorney being relieved. The Court granted the attorney's request to be relieved and adjourned *sine die* MSD's time to respond to the outstanding motion for sanctions. *See* Orders, Dkts. 103, 104.

On August 24, 2021, just days after MSD's attorney had been relieved, Plaintiffs notified the Court via a sealed letter that Mr. Goodman had violated the Protective Order. *See* Pls. Ltr., Dkt. 109; *see also* Dkt. 113. Plaintiffs attached to their letter an email string that included (in chronological order): (1) part of an email dated June 4, 2021, from Mr. Sweigert, using the email address spoliation-notice@mailbox.org, to New York State's Attorney Grievance Committee complaining about MSD's attorney; (2) another email from Mr. Sweigert to the Grievance Committee, dated August 16, 2021, purporting to provide background information on the attorney's "disassociation from his client"; (3) an email from Mr. Sweigert dated August 23, 2021, to the New York Attorney General complaining about MSD and Jason Goodman; (4) an email, dated August 23, 2021 at 11:52 a.m., from Jason Goodman "to all recipients of David George Sweigert's malicious email," complaining about Mr. Sweigert and stating, *inter alia*, that Mr. Sweigert caused a "fraudulent email message to be sent to the National Academy of Television Arts and Sciences" from a specified email address (hereafter referred to as "the confidential email address") and that email message caused a lawsuit to be filed against Goodman[1]; (5) an August 23, 2021, responsive email from Larry Klayman (who is an attorney); and (6) an August 23, 2021, response from Mr. Goodman to Mr. Klayman, which was copied to more than thirty email addresses, including Plaintiffs' counsel and the confidential email address.

---

[1]     The reference to the lawsuit being filed against Mr. Goodman is apparently a reference to this lawsuit, which, in fact, was filed against MSD, not Mr. Goodman.

*See* Dkt. 109-1; *see also* Dkt. 113 at Ex. A. In Mr. Goodman's August 23, 2021, response to Mr.

Klayman, Mr. Goodman explained that the goal of his 11:52 a.m. email had been to get the word

out that Mr. Sweigert is "crazy without saying anything that he can allege is defamatory."

Further, Mr. Goodman explained:

> I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy
> guy and if they don't unalign themselves it's gonna give me more evidence to show
> that they're working together. I also sent this to [the confidential email address]
> first time I ever emailed that address. Let's see if there's any response. Now that
> I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not
> even Pro Se so they could just yell at me and tell me not to do it again.

Dkt. 109-1 at 1; *see also* Dkt. 113 at Ex. A at 1. After determining that neither Mr. Goodman

nor MSD were represented by Mr. Klayman, the Court ordered Mr. Goodman to show cause why

he should not be sanctioned for violating the Protective Order. *See* Order, Dkt. 112.[2] Mr.

Goodman asserted in his written response, "I did not know the email was subject to the

protection order. . . . I recall [MSD's former attorney] telling me that Plaintiff did something that

put the address into the public domain, but I cannot recall what that was. . . . Any improper

revelation was inadvertent and unintentional." Response, Dkt. 114. After receiving Mr.

Goodman's response and the Plaintiffs' reply, Dkt. 117, plus two more submissions from Mr.

Goodman, Dkts. 120, 121, the Court scheduled an evidentiary hearing, Dkt. 122. The hearing

was held on October 25, 2021. *See* Oct. 25, 2021 Hearing Tr., Dkt. 129.

Although his written response and the email that triggered this Order implicitly admitted

that he was aware that a Protective Order was in place, at the hearing, Mr. Goodman testified,

incredibly, that he was unsure whether he had known that there was a Protective Order in place

until Plaintiffs notified him in August that he had violated it. *See id.* at 6:4–17. Although his

---

[2]     The Court also ordered Plaintiffs to refile their August 24, 2021, letter publicly with the confidential email
address redacted. *See* Order, Dkt. 112. Plaintiffs did so on August 26, 2021. *See* Dkt. 113.

written response stated that he could not recall why he thought the confidential email address
was public, at the time of the hearing, Mr. Goodman recalled being told by MSD's former
attorney in May 2021 that the confidential email was no longer confidential because it had been
spoken aloud during a deposition (which itself had been marked confidential in its entirety, *see
id.* at 11:13–15) and Plaintiffs' counsel did not move to strike it from the record, *see id.* at 7:11–
18, 9:7–15, 10:22–11:9, 18:1–6. At the same time, Mr. Goodman acknowledged that MSD's
attorney had told him prior to being relieved that he could not simply email the confidential
email address, *see id.* at 9:16–19, 10:22–24, 12:9–11, advice that would make no sense if the
attorney had advised Mr. Goodman that it was no longer subject to the Protective Order.[3]

   "Sanctions may be authorized by any of a number of rules or statutory provisions, or may
be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113
(2d Cir. 1997). As relevant here, "district courts have the inherent power" to sanction a party
"for bad faith conduct violating the court's orders." *S. New England Tel. Co. v. Glob. NAPs Inc.*,
624 F.3d 123, 144 (2d Cir. 2010); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)
("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent
power simply because that conduct could also be sanctioned under the statute or the Rules."). A
court may impose sanctions under its inherent authority if it finds by "clear evidence that the
conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters
Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Conduct is entirely

---

[3]      Why the email address is confidential is not entirely clear. According to Plaintiffs' counsel, it is
confidential because it communicated to Plaintiffs through a members-only email portal; thus, exposure of the email
address could jeopardize the confidentiality of Plaintiffs' membership. *See* Oct. 25, 2021 Hearing Tr. at 32:9–33:1.
While that argument may or may not have prevailed in the face of a defense request to the Court to remove it from
the constraints of the Protective Order, the fact that Plaintiffs designated the email address as confidential has fueled
Mr. Goodman's suspicion that his nemesis, Mr. Sweigert, used that email address to foment this litigation and that
Plaintiffs are wrongfully trying to hide their association with him. *See id.* at 9:22–23, 16:1–9, 24:1–7, 41:16–42:10.
The provenance of the email address and its role *vel non* in the genesis of this litigation are irrelevant to whether Mr.
Goodman violated the Protective Order.

**(EXHIBIT A)**

without color when it lacks any legal or factual basis." *Id.*; *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) ("A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'") (citation omitted).

Applying this standard, a sanction for Mr. Goodman's violation of the Protective Order is appropriate. The Protective Order was clear and unambiguous that "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Dkt. 41 at 2. It is obvious from the face of Mr. Goodman's August 23, 2021 email that Mr. Goodman was well aware that the confidential email address was confidential. If he were not aware of that fact (that is, if his testimony at the hearing were truthful that he thought the email address was no longer confidential), his statement in the August 23, 2021 email — which he accidentally copied to a group of many people (including Plaintiffs' counsel)[4] — that his attorney "can't get sanctioned" for using and disclosing the confidential email address would make no sense. Accordingly, it is simply not plausible that Mr. Goodman misunderstood the situation. *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011); *see also Roberts v. Bennaceur*, 658 F. App'x 611, 615 (2d Cir. 2016) (summary order) (imposing sanctions based on numerous "misrepresentations" and "inadequate explanations" that demonstrated "bad faith throughout these proceedings") (citation omitted). Rather, Mr. Goodman's violation of the Protective Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire to prove that Mr. Sweigert was behind the confidential

---

[4]      The Court can take judicial notice that the practice of hitting "reply all" on emails not infrequently results in emails being inadvertently sent to many recipients. The evidence that Mr. Goodman sent the email in question to the copyees inadvertently is that he promptly called Plaintiffs' counsel, asked her to delete the email, and characterized the email as having been sent inadvertently. *See* Dkt. 113 at Ex. B; *see also* Oct. 25, 2021 Hearing Tr. at 43:7–9 ("At the time I composed [the August 23, 2021, email] I understood it was a statement being made to private, to a friend[.] [T]hat [*i.e.*, sending it to many recipients] was inadvertent.").

email address.[5]  For all of these reasons, the Court concludes that Mr. Goodman willfully

violated the terms of the Protective Order and disregarded the authority of the Court.

The Court has considered what an appropriate sanction would be.  *See Macolor v.*

*Libiran*, No. 14-CV-4555, 2015 WL 1267337, at *5 (S.D.N.Y. Mar. 18, 2015) (sanctions must

be "no more severe than reasonably necessary to deter repetition" of the misconduct "or

comparable conduct by similarly situated persons") (cleaned up).  By Order entered today, the

underlying lawsuit has been terminated with a default judgment against MSD.  Nevertheless,

given Mr. Goodman's propensity to become involved in litigation on both sides of the versus

sign, the Court finds that an appropriate sanction is to require Mr. Goodman, for the next two

years, to notify all other Courts in which he litigates and all other parties against whom or with

whom he litigates that a Court has determined that he willfully violated a Protective Order during

litigation.  *See, e.g., Gallop v. Cheney*, 667 F.3d 226, 230 (2d Cir. 2012) (requiring sanctioned

counsel "for a period of one year from the date of entry of this order, to provide notice of the

sanctions imposed upon him in this case . . . to any federal court in this Circuit before which he

appears or seeks to appear").  To accomplish this, Mr. Goodman must, until **February 22, 2024,**

file a copy of this Order in every lawsuit in which he or any company in which he is a majority

shareholder is a party.  This Order applies whether the lawsuit is in state court or federal court

and whether Mr. Goodman or his company is represented or *pro se.*  Should he fail to do so, that

would be a contempt of this Court's Order and would be punished accordingly.

Mr. Goodman must file a certification, under penalty of perjury, with this Court, not later

than **March 22, 2022,** listing all cases in which he is engaged as of that date, and affirming that

this Order has been filed in each case.  Thereafter, on the one-year anniversary of this Order,

---

[5]      Whether it was Mr. Sweigert who notified Plaintiffs of the misuse of the Emmy statuette is, of course, not
relevant to whether MSD's actions violated Plaintiffs' intellectual property rights.

until and including 2024, Mr. Goodman must file a similar certification, under penalty of perjury,

listing all cases in which he has been engaged since the prior certification, and affirming that the

Order was filed in all of the cases.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman

at: 252 7th Avenue #6s, New York, NY 10001.


**SO ORDERED.**

Date:  **February 22, 2022**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

**(EXHIBIT D)**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GEORGE SWEIGERT | Case No.: 20-cv-12933-G AD-KG A |
| Plaintiff, | |
| vs. | **MOTION SEEKING LEAVE TO FILE** |
| | **AMENDED AMICUS CURIAE BRIEF** |
| CABLE NEWS NETWORK, INC., | |
| Defendant | |

Jason Goodman, pro se non-attorney, non-party to this case comes now as a friend of the Court seeking leave to file an amended Amicus Curiae brief including newly discovered, prima facie evidence of a conspiracy to commit fraud on the Court and defendant Cable News Network, Inc. ("CNN"). This fraud was aimed directly at the "judicial machinery" with the intention of disrupting the impartiality of the Court substantially preventing it from performing its tasks without bias or prejudice. The Amicus Curiae brief attached hereto contains new empirical evidence that is likely to prove that Plaintiff conspired with an officer of the Court and other third parties to commit this fraud in violation of Michigan penal code Section 750248(1) and with the intention of affecting the outcome of this and other cases in US. District Courts in other states. Goodman has a unique perspective on these empirical facts that are necessary for the Court to consider in the proper service of justice in this matter.

Signed this 14th day of M arch2022

Jason Goodman, Amicus Curiae, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruthorg

MOTION SEEKING LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF - 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Webb Sweigert,

                Plaintiffs,

      v.

Cable News Network, Inc.,

                Defendants.

Case No. :20-cv-12933-GAD-KGA

Honorable Gershwin A. Drain

## AMENDED BRIEF OF *AMICUS CURIAE* JASON GOODMAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Jason Goodman
252 7ᵗʰ Avenue #6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org
Pro Se

Robin Luce Herrmann (P46880)
Jennifer A. Dukarski (P74257)
Javon R. David (P78214)
BUTZEL LONG, a professional corporation
Attorneys for Defendant Cable News
Network, Inc.
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304 (248) 258-1616
Luce-Herrmann@butzel.com
Dukarski@butzel.com
Davidj@butzel.com

## AMICUS CURIAE BACKGROUND AND INTEREST IN THE CASE

Jason Goodman ("Goodman") is a non-attorney and non-party to this case. He is the

creator of internet-based news, opinion, and entertainment talk show Crowdsource the Truth.

Since 2017, Goodman has been the target of cyber harassment, cyber stalking and five separate

vexatious lawsuits brought about by family members and other associates of the plaintiff in this

instant action. Goodman is a journalist, cinematographer, and former Hollywood visual effects

expert. He is a software applications specialist with 36 years of experience in computer graphics

imaging and an expert knowledge in a wide range of file formats including Joint Photographic

Experts Group (JPEG )and Adobe Portable Document Format (PDF). For a period of

approximately three months during 2017, Goodman collaborated with Webb on a series of video

productions. Since then, Goodman has been the target of vexatious litigation emanating from the

plaintiff, his brother, and their various associates. Goodman comes now as a friend of the court

to share empirical evidence from the Court's own docket that is likely to prove the plaintiff and

others conspired with at least one officer of the Court to make material misrepresentations and

directly attack the judicial machinery with malicious intent so significant as to prevent the

Court's performance of judicial tasks without bias or prejudice. Plaintiff and his co-conspirators

acted in violation of Michigan penal code section 750.248(1) which states "A person who falsely

makes, alters, forges, or counterfeits a public record, or a certificate, return, or attestation of a

clerk of a court[,] or other property with intent to injure or defraud another person is guilty of a

felony punishable by imprisonment for not more than 14 years." This illicit conspiracy made

multiple forged filings under penalty of perjury with the intent to abuse the legal process, deceive

the Court, defraud the defendant, and improperly involve Goodman in frivolous litigation.

Goodman seeks to end the plaintiff's abuse of the U.S. District Court system and the perpetual

plague of ongoing frivolous litigation against him. Goodman has a unique perspective on the facts and evidence described herein. The proper service of justice requires the Court to fully review the evidence in this Amicus Curiae brief before rendering a final decision in this matter.

## PARTIES AND NON-PARTIES

George Webb Sweigert ("Webb") is the pro se plaintiff in this matter. Webb is not an attorney, has no legal training and has a history of filing defective, frivolous pro se cases that get dismissed; See George Sweigert v. John Podesta, et al, SWEIGERT et al v. PEREZ et al, SWEIGERT et al v. PODESTA et al, SWEIGERT v. MCCABE et al.

Cable News Network, Inc. ("CNN") is the defendant in this matter, an internationally recognized news organization that has published multiple reports highly critical of Webb.

Non-party David George Sweigert ("David") is Webb's brother (hereinafter collectively referenced as "Sweigert Brothers" or "Sweigerts"). David is not admitted to the Bar but, by his own admission has attended one semester of law school. Since 2017, David has drafted thousands of pages and made hundreds of frivolous filings in an aggressive, continuous, and ongoing campaign to harass Goodman and disrupt his ability to conduct business. David is also a retired Air Force IT specialist, professional hacker, social engineer, and author of The Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view?usp=sharing). The book is a detailed manual that describes tactics and methods for sending and receiving clandestine messages, penetrating complex computer networks, and evading detection among other things.

Non-party Richard Loury ("Loury") is believed to be the Pro Se Litigation Administrator at the Court and the Author of ECF No. 12, ECF No. 14, and ECF No. 44 in Sweigert v Cable

News Network (*See* 2-20-cv-12933-GAD-KGA) as revealed by the document properties inspector of Adobe Acrobat Professional software.

Non-party Jacquelyn Weaver ("Weaver") is an associate of David and the author of a "lawfare blog" https://trackingmeroz.wordpress.com/. Weaver's blog is used to publish and amplify false claims made by David in privileged legal filings against Goodman. It is also an indexed library of every case against Goodman and includes theory, commentary and case law citations used by David in harassing litigation. Weaver is a de facto "ghost paralegal" for David and has conspired with him to harass Goodman in multiple U.S. District Courts. Weaver is not an attorney and has no legal authority to draft briefs for litigants other than herself.

### STATEMENT OF FACTS

On October 31, 2020, Webb filed a defective, time barred defamation claim against Cable News Network ("Webb v CNN") in the Eastern District of Michigan ("MIED"). Less than one week later, Webb's brother David moved to intervene and change the venue to the Southern District of New York ("SDNY"). As Plaintiff in Sweigert v Goodman, (*See* 1:18-cv- 08653-VEC-SDA SDNY 2018) David sued Goodman for more than three years making a wide range of frivolous claims that evolved dramatically over time. On March 1, 2022, the case was voluntarily dismissed for no stated reason. Since then, filing activity in this instant action and in Sweigert v Goodman (*See* 2:22-cv-10002-GAD-KGA MIED 2022) has increased dramatically. David was admonished by judge Valerie Caproni (SDNY) for his frequent, duplicative, and frivolous filings. Now with that case concluded, coincidentally, this identical pattern of activity has emerged here. On information and belief, Goodman alleges David is ghost writing and filing pleadings falsely claiming to be Webb, with the assistance of Loury, Weaver and possibly others.

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF          - 4
DEFENDANT'S MOTION TO DISMISS

Goodman first became acquainted with the Sweigert Brothers in 2017. Since then, he has become the target of five separate civil lawsuits in which one or both brothers have been directly involved. Goodman alleges these cases were deliberately brought about and aggravated by the Sweigerts for an improper purpose to harass Goodman and extort money from him. In addition to suing Goodman, David has attempted to intervene in or otherwise inappropriately interfere with every one of the actions against Goodman and has publicly vowed to sue Goodman for the rest of his life for no stated reason. On information and belief, Goodman alleges the Sweigert Brothers conceived of Webb v CNN for the inappropriate purpose of involving Goodman strictly to harass him and extort money. Goodman further alleges the Sweigert Brothers conspired with Loury and Weaver to improperly draft and file pleadings on behalf of Webb and to abuse and deceive the Court in an illicit effort to turn it into their own personal weapon against Goodman.

### EVIDENCE OF IMPROPER FILINGS ON THE ECF DOCKET

The document properties inspector of Adobe Acrobat Professional Software reveals that ECF No. 12, ECF No. 14 and ECF No. 44 were each authored by "RichardLoury", not pro se Plaintiff Webb as signed and sworn to under penalty of perjury. (**EXHIBIT A**).

### ECF No. 11 and ECF No. 12

The Court was previously alerted to the unexplained and improper appearance of Loury's name embedded in the internal metadata of ECF No. 12. On a telephone call, Loury's supervisor vaguely described circumstances under which Loury might interact with litigants' documents in ways that could cause his name to become associated with document metadata, however, these circumstances do not match the documents in question. ECF No. 12 is Webb's response to a show cause order that threatened to dismiss the case for failure to serve the defendant. Webb requested additional time and two summonses with which to serve CNN and its agent of record.

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF          -   5
DEFENDANT'S MOTION TO DISMISS

The Court responded affirmatively by issuing the summonses. The document properties inspector indicates the first of two responsive summonses, ECF No. 11, was created on June 21, 2021, at 8:00 am using Dotimage PDF Encoder, modified with iText 7.1.6. **(EXHIBIT B)**

No author is named on this document. Inexplicably, the creation date of the document shows this response came more than one hour prior to plaintiff's request for it via ECF No. 12 which was created at 9:05 am on June 21, 2021. **(EXHIBIT C)**

This proves that ECF No. 12 could not have been filed by Webb because the signed summons could only have been created by someone at the Court. The request from Webb would not be known by the Court until it was filed via the Temporary Pro Se Filing web page and entered on the docket. There is no logical explanation for this temporal anomaly aside from one person creating both documents and accidentally filing them out of order on the ECF docket. If Webb properly filed ECF No. 12 on the Court's Temporary Pro Se Filing page, he would be in possession of the filing receipt as would the Court. No such evidence has been presented.

After Goodman initially raised this concern in an Amicus Brief filed July 20 2021, Webb filed a new suit against Goodman claiming the allegations were defamatory. Webb's defective complaint sought a one hundred-thousand-dollar payment and to strike the claims and evidence in the Amicus brief from the record. *See* Sweigert v Goodman 22-cv-10002-GAD-KGA. Webb offers no explanation for the anomalous filing of ECF No. 12, no explanation as to how or why Loury's name could appear on his filings, and no receipt from the Court as proof of filing.

### ECF No. 13 and ECF No. 14

ECF No. 13 is the second of two summonses issued by the Court in response to Webb's request. For no clear reason, this summons is issued the following day on June 22, 2021. It is stamped with a rubber stamp indicating the date and signed by the administrative or deputy clerk

before being entered on the docket. ECF No. 14 is the executed summons returned to the Court July 6, 2021 by Webb, signed by process server Chiquita Jackson. ECF No. 14 does not bear the rubber date stamp seen on ECF No. 13 and the clerk's signature appears in a different position on the signature line. ECF No. 14 is clearly not the same document, and the document properties inspector reveals this document was also Authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows on July 6, 2021 at 11:09 am. No receipt from the Court's Temporary Pro Se filing website has been provided. No proof of USPS delivery is included with the filing. If the document were scanned and filed electronically by Webb, he should be indicated as the author and both Webb and the Court would be in possession of a pro se electronic filing receipt from the Court website. If the document were mailed and scanned at the Court, the scan should be made in 1 bit color depth (black and white only) as is standard procedure at the court. ECF No. 14 was scanned in color by "RichardLoury" according to document metadata.

### ECF No. 44

ECF No. 44 is Webb's amended complaint. Defendant CNN has responded in opposition to the amendment and provided adequate reason to do so. The amended complaint reads like a brief drafted by a lawyer or at least someone with competence in writing legal briefs. This is a stark contrast to ECF No. 6, drafted, signed, and mailed by Webb, which reads like a non-lawyer's stream of consciousness general complaint letter and fails to form a legal claim. The document properties inspector indicates ECF No. 44 was authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows. All other electronically filed documents attributed to Webb that do not bear Loury's name indicate they were created using the Skia/PDF m100 Google Docs Renderer. All documents on the ECF docket of this and other U.S. District Courts that Goodman has observed indicate they were modified using iText. This appears to be a

standardized tool used across all U.S. District Courts to add the blue stamp at the top indicating

official entry on the docket and including the case number and ECF number. Adding the official

Court information to documents using iText does not change the name of the original author but

it does change the creation date of the document to reflect the time of the iText modification.

Goodman has verified this completely consistent behavior across numerous filings in several

U.S. District Courts including MIED, SDNY and EDVA.

## FRAUD UPON THE COURT

Fraud on the court, or fraud upon the court, refers to a situation in which a material

misrepresentation has been made to the Court with the intention to alter the outcome of a case or

otherwise inappropriately influence the adversarial process. The term could also be used to refer

to a situation in which a material misrepresentation has been made by the Court itself or an

officer thereof. The overall defining requirement is that the impartiality of the Court has been

disrupted so significantly that it cannot perform its tasks without bias or prejudice. Fraud on the

Court can include, but may not be limited to:

- Fraud in the service of Court summons, such as withholding a court
  summons from an entitled party;

- Corruption or influence of a Court member or official, such as bribery;

- Judicial fraud;

- Intentionally failing to inform the parties of necessary appointments or
  requirements, as an effort to impede the judicial process; and/or

- Schemes considered to be unconscionable, as they attempt to deceive or
  make misrepresentations through the Court system.

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF      -   8
DEFENDANT'S MOTION TO DISMISS

It is important to note that fraud on the Court only involves court officials, or officers of the court, such as judges, clerks, or court-appointed attorneys. The fraudulent activity must be directed at the "judicial machinery" itself as is the case with the alleged conspiracy to disrupt Webb v CNN. It would indeed be unconscionable if evidence on the public docket and in possession of the Court could prove Webb conspired with Loury and others to falsify and file ECF Nos. 12, 14 and 44 improperly. As Loury is an officer of the Court, any assistance given to Webb in his case against CNN would be grossly inappropriate and would undermine the Court's ability to properly adjudicate the matter. The Court must evaluate this evidence thoroughly in order to serve justice and make an unbiased determination in the case.

## CONCLUSION

For the reasons stated in Defendant's motion to dismiss and further for the foregoing reasons, Defendant's motion to dismiss should be granted. Additionally, Amicus Curiae Goodman prays the court will further investigate this matter relating to a conspiracy to defraud the Court in violation of the Michigan Penal Code Section 750.248(1) and issue whatever remedy it deems most appropriate.

Signed this 14th day of March 2022

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF          -   9
DEFENDANT'S MOTION TO DISMISS

**(EXHIBIT A)**

Case 3:21-cv-00573-JAG Document 31 Filed 03/22/22 Page 38 of 45 PageID# 290
Case 2:20-cv-12933-GAD-KGA ECF No. 12, PageID.62 Filed 06/18/21 Page 1 of 2
Case 2:20-cv-12933-GAD-KGA ECF No. 55-1, PageID.611 Filed 03/14/22 Page 2 of 4

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

George Webb Sweigert,                  : CASE
                                       :
    Plaintiff,                    : NO - 2:20-cv-12933-GAD-KGA
                                       :
V.                                     : US DISTRICT COURT JUDGE
                                       :
                                       : Judge Gershwin A. Drain
                                       :
CABLE NEWS NETWORK, INC                : RESPONSE TO ORDER
                                       :
                                       : TO SHOW CAUSE

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Plaintiff hereby files thi[s]
and, for the reasons st[ated]

The Plaintiff, George W[ebb]
lawsuit in District of Co[lumbia]
transactions were conc[ucted]
added to some of the a[ccounts]
the Court.

The Defendant, Cable [News Network]
than the CNN Headqua[rters]
confused in person eff[orts]

The Plaintiff requests f[or]
served on the Defenda[nt]
Service.

**Document Properties**

Description | Security | Fonts | Initial View | Custom | Advanced

**Description**

File: 012.pdf

Title: Response To Order To Show Cause - Sweigert V CNN UNITED STATES DISTRICT CO

Author: RichardLoury

Subject:

Keywords:

Created: 6/21/21, 9:05:47 AM

Modified: 6/24/21, 12:19:44 AM

Application: PScript5.dll Version 5.2.2

[Additional Metadata...]

**Advanced**

PDF Producer: Acrobat Distiller 17.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText

PDF Version: 1.6 (Acrobat 7.x)

Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/

File Size: 89.27 KB (91,408 Bytes)

Page Size: 8.50 x 11.00 in          Number of Pages: 2

Tagged PDF: No                      Fast Web View: No

Help                                Cancel    OK

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

George Webb Sweigert

)
)
)
)
)

*Plaintiff,*

Civil Action No. 2:20-cv-12933

v.

Cable News Network, Inc

To: Cable News Network, Inc.
One CNN Center
Atlanta, GA 30303-2762

A lawsuit has been filed agains

Within 21 days after service of
the United States or a United States age
(a)(2) or (3) — you must serve on the pl
Rules of Civil Procedure. The answer
address are:

George
1671 W
Tempera

If you fail to respond, judgment
also must file your answer or motion wi

KINIKIA D. ESSIX, CLERK OF COURT

By: _____
Signature of Clerk or Deputy Clerk

Date of Issuance: 6/22/21

---

**Document Properties**

| Description | Security | Fonts | Initial View | Custom | Advanced |

**Description**

File: 14.pdf

Title: A9813hwt_yp9dyj_f3c.tmp

Author: RichardLoury

Subject:

Keywords:

Created: 7/6/21, 11:09:02 AM

Modified: 7/8/21, 6:58:37 AM

Application: PScript5.dll Version 5.2.2

Additional Metadata...

**Advanced**

PDF Producer: Acrobat Distiller 17.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText

PDF Version: 1.6 (Acrobat 7.x)

Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/

File Size: 1.08 MB (1,136,246 Bytes)

Page Size: 8.50 x 11.00 in          Number of Pages: 2

Tagged PDF: No          Fast Web View: No

Help          Cancel          OK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
AT DETROIT

:

George Webb Sweigert,     :     Defendant.
CASE
:                              :
:                              :
:                              :
Plaintiffs,                    :
                               CASE NO.2:21-cv-12933

:
:
v.                             JUDGE GERSHWIN DRAIN

                               PLAINTIFF'S AMENDED
                               COMPLAINT

                               DEFAMATION AND FALSE
:
:
CABLE NEWS NETW
:

**(EXHIBIT B)**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

2

George Webb Sweigert

                 )
                 )
                 )
         *Plaintiff,*   )      Civil Action No. 2:20-cv-12933
                 )
       v.              )
                 )
                 )      Hon. Gershwin Drain
Cable News Network, Inc.   )
                 )
        *Defendant.*   )

## SUMMONS IN A CIVIL ACTION

F I L E D
JUN 2 1 2021

To: Cable News Network through its
     Register Agent CT Corporation System
     289 S Culver Street, Lawrenceville, GA

**Document Properties**

A lawsuit has been

Description | Security | Fonts | Initial View | Custom | Advanced

Within 21 days afte
the United States or a Unite
(a)(2) or (3) — you must se
Rules of Civil Procedure.
address are:

**Description**

File: 011.pdf
Title:
Author:
Subject:
Keywords:

Created: 6/21/21, 8:00:58 AM
Modified: 6/24/21, 12:23:13 AM
Application: Atalasoft, Inc.

Additional Metadata...

If you fail to respon
also must file your answer

**Advanced**

PDF Producer: DotImage PDF Encoder; modified using iText® 7.1.6 ©2000-2019 iText Group
PDF Version: 1.4 (Acrobat 5.x)
Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/
File Size: 78.23 KB (80,110 Bytes)
Page Size: 8.50 x 11.17 in        Number of Pages: 2
Tagged PDF: No               Fast Web View: No

*KINIKIA D. ESSIX, CLE*

Help                            Cancel    OK

**(EXHIBIT C)**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
**AT DETROIT**

| | |
|---|---|
| **George Webb Sweigert,** | : **CASE** |
| | : |
| **Plaintiff,** | : **NO - 2:20-cv-12933-GAD-KGA** |
| | : |
| **V.** | : **US DISTRICT COURT JUDGE** |
| | : |
| | : **Judge Gershwin A. Drain** |
| | : |
| **CABLE NEWS NETWORK, INC** | : **RESPONSE TO ORDER** |
| | : |
| | : **TO SHOW CAUSE** |

**PLAINTIFF'S I**

Plaintiff hereby files th
and, for the reasons s

The Plaintiff, George V
lawsuit in District of C
transactions were con
added to some of the
the Court.

The Defendant, Cable
than the CNN Headqu
confused in person ef

The Plaintiff requests
served on the Defend
Service.

Document Properties
Description
Security
Fonts
Initial View
Custom
Advanced
Description
File: 012.pdf
Title: Response To Order To Show Cause - Sweigert V CNN UNITED STATES DISTRICT CO
Author: RichardLoury
Subject:
Keywords:
Created: 6/21/21, 9:05:47 AM
Additional Metadata...
Modified: 6/24/21, 12:19:44 AM
Application: PScript5.dll Version 5.2.2
Advanced
PDF Producer: Acrobat Distiller 17.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText
PDF Version: 1.6 (Acrobat 7.x)
Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/
File Size: 89.27 KB (91,408 Bytes)
Page Size: 8.50 x 11.00 in
Number of Pages: 2
Tagged PDF: No
Fast Web View: No
Help
Cancel
OK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
RICHMOND DIVISION


KATHY STEELE, Administrator of the Estate
of Robert David Steele
-and-
EARTH INTELLIGENCE NETWORK
Plaintiff(s),

v.

Civil Action Number: 3:21-cv-00573-JAG

Jason Goodman
Defendant(s).


# LOCAL RULE 83.1(M) CERTIFICATION


**I declare under penalty of perjury that:**


**No attorney has prepared, or assisted in the preparation of\_\_\_ JUDICIAL NOTICE_____.**
**(Title of Document)**


Jason Goodman\_ Name of *Pro Se* Party (Print
or Type)

_____
Signature of *Pro Se* Party

Executed on: \_\_\_\_March 21, 2022\_ (Date)

**OR**


**The following attorney(s) prepared or assisted me in preparation of** _____.
**(Title of Document)**

_____
(Name of Attorney)


_____
(Address of Attorney)