IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY STEELE, ADMINISTRATOR of the
ESTATE OF ROBERT DAVID STEELE, *et al.*,
        Plaintiffs,

v.                                                Civil Action No. 3:21cv573

JASON GOODMAN,
        Defendant.

## ORDER

This matter comes before the Court on the motion to compel filed by the plaintiffs, Kathy Steele and Earth Intelligence Network, (ECF No. 63). The plaintiffs ask the Court to compel the defendant, Jason Goodman, to respond to their requests for "production of documents" and "to provide true and complete copies of the documents and electronically stored information." (*Id.* at 1.) Specifically, they ask the Court to compel Goodman's production of: (1) "true and complete digital copies" of nineteen videos; (2) documents that prove Goodman's truth defense; (3) "[c]omplaints by Goodman to law enforcement or the absence of any such complaints"; (4) "Goodman's communication with third parties about Robert David Steele ('RDS') or this lawsuit"; (5) any "evidence" that supports Goodman's defenses that he details in his answer; and (6) "Goodman's net worth." (*Id.* at 2–8.)

In response, Goodman provides links to eighteen of the requested videos, and he explains that, for the video with the link "https://streamable.com/zf4vl," he "[n]ever had a streamable account" and "never uploaded any videos to streamable." (ECF No. 68-1, at 2.) Goodman does not address the plaintiffs' requests for: documents related to his truth defense; evidence of his communication with law enforcement; evidence of his communication with others about RDS or this lawsuit; evidence that supports his defenses; or his net worth.

Federal Rule of Civil Procedure 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And Federal Rule of Civil Procedure 34 requires a party who receives requests for production of documents to "serve a written response" that states, "with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated." Fed. R. Civ. P. 34(b). In the Eastern District of Virginia, a party must object to a discovery request within fifteen days after service of the request. E.D. Va. Loc. Civ. R. 26(C). "[C]ourts addressing this issue long have ruled that a failure to raise an objection in an answer to a Rule 34 document production request may constitute waiver." *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. Oct. 11, 2005).

Upon due consideration, the Court GRANTS the motion. (ECF No. 63.) Because Goodman neither objected to Steele's request for production, Goodman SHALL produce the following: (1) documents that prove Goodman's truth defense; (2) "[c]omplaints by Goodman to law enforcement"; (3) "Goodman's communication with third parties about Robert David Steele ('RDS') or this lawsuit"; (4) any "evidence" that supports Goodman's defenses that he details in his answer; and (5) "Goodman's net worth." (*See* ECF No. 63, at 2–8.); *see also* Local Civ. R. 26(C). The Court DEEMS any objections Goodman has to these requests waived. *See Hall*, 231 F.R.D. at 473; E.D. Va. Loc. Civ. R. 26(C). Additionally, the Court ORDERS the plaintiffs to reply to Goodman's response, indicating whether they can access the requested videos from the eighteen links Goodman provided.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 12 April 2023
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge