IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY STEELE, ADMINISTRATOR of the
ESTATE OF ROBERT DAVID STEELE, *et al.*,
        Plaintiffs,

v.                                          Civil Action No. 3:21cv573

JASON GOODMAN,
        Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on the motion for summary judgment filed by the defendant, Jason Goodman. (ECF No. 66). The Court previously dismissed the claim of the plaintiffs—Kathy Steele, the administrator of Robert David Steele's estate ("Steele"), and Earth Intelligence Network ("EIN")—regarding Goodman's use of Steele's name and image (Count III). Thus, only the claims of defamation (Count I) and business conspiracy (Count II) remain. Goodman moves for summary judgment on Counts I and II, contending that the plaintiffs lack standing to proceed with this case, and that neither Steele "nor his estate were harmed" by Goodman's actions. (ECF No. 67, at 3.)

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a party may move for summary judgment on a claim, defense, or part of a claim or defense. The rule directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment may succeed by establishing the absence of a genuine issue of material fact or showing that the other party cannot produce admissible evidence to support their claim: "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily

renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a summary judgment motion, a district court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255. Nevertheless, if the non-moving party fails to establish the existence of an essential element of its claim on which it bears the ultimate burden of proof, a court should enter summary judgment against that party. *Celotex*, 477 U.S. at 322.

Goodman proceeds *pro se*. Accordingly, the Court gives his filings a liberal construction, but it will not "'conjure up questions never squarely presented to [it]' or . . . ignore a clear failure in the pleadings to allege facts that set forth a claim cognizable in federal district court." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Wells Fargo Bank, Nat'l Ass'n as Tr. for Morgan Stanley ABS Cap. I Inc. Tr. 2006-WMC1, Mortg. Passthrough Certificates, Series 2006-WMC1 v. Jenkins*, No. 1:21cv30, 2021 WL 6496548, at *3 (E.D. Va. May 28, 2021) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## II. UNDISPUTED FACTS

As best the Court can discern, Goodman makes two arguments: (1) the plaintiffs lack standing; and (2) the plaintiffs have failed to prove damages. To support his arguments, Goodman alleges three undisputed facts: (1) Steele died in 2021; (2) EIN is a 501(c)(3) corporation that Steele founded; and (3) Steele's 2017 tax return lists his compensation as $50,813.

## III. ANALYSIS

### A. Standing

First, Goodman argues that neither Kathy Steele nor EIN has standing to sue him. Goodman's motion specifically asserts that (1) "[a] dead person cannot suffer injury to reputation and the decedent's family has no standing to defend a departed relative's defamation

2

claims," and (2) "EIN's interests, assets and liabilities cannot be transferred to the executor of RDS'[s] estate." (ECF No. 67, at 2–3.) Goodman restates prior arguments that he made in litigating the plaintiffs' motion to substitute and his own motion to dismiss. *Compare* ECF No. 67, at 3 ("Pursuant to Virginia law, there can be no defamation claim with a deceased complainant."), *with* ECF No. 19 ¶¶ 5–6 ("[EIN] does not have the capacity to sue or be sued . . . Kathy Steele cannot substitute for [EIN] because it is a 501(c)(3) and as such . . . cannot be bequeathed to a family member."), *and* ECF No. 27 , at 3 ("[EIN,] the tax-exempt entity is not part of the estate and cannot be bequeathed to any beneficiary. Steele's death leaves EIN in fatally defective form with no directors and no way to appoint new directors."). Thus, the Court has twice considered—and rejected—Goodman's assertion that the plaintiffs lack standing.[1]

Under Va. Code § 8.01-25, "[e]very cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive . . . the death of the person in whose favor the cause of action existed." And pursuant to Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."[2] As the executor of Robert Steele's estate, Kathy Steele was a proper party for substitution. *See Fariss v. Lynchburg Foundry*, 769 F. 2d 958, 962 (4th Cir. 1985). Accordingly, the Court permitted Kathy Steele's substitution as a plaintiff. (ECF No. 24.)

---

[1] On November 16, 2021, the Court granted the plaintiffs' motion to substitute Robert Steele's wife, Kathy Steele, in his place. (ECR No. 24.) Then, on September 15, 2022, the Court granted in part and denied in part Goodman's motion to dismiss. (ECF No. 34.) In ruling on Goodman's motion to dismiss, the Court observed that "[t]he plaintiffs contend . . . that EIN remains 'active and in good standing.' (ECF No. 25 ¶ 3.) Because Goodman fails to cite any law or provide any evidence in support of his contention, the Court will allow EIN to remain as a plaintiff in this case at this time." (ECF No. 33 n. 3.)

[2] "Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death).

3

Goodman does not allege any new information regarding Kathy Steele's standing to sue him, and he fails to present any evidence or law in support of his contention that EIN may not proceed in this suit. Because Goodman merely reframes the same facts and arguments that he previously alleged, the Court will not alter its earlier decisions. Both Kathy Steele and EIN may remain plaintiffs in this case.

### B. Defamation (Count I)

The plaintiffs have brought a defamation claim under Virginia law. To state a claim for defamation, the plaintiffs must show that there was "(1) publication of (2) an actionable statement with (3) the requisite intent." *Lokhova v. Halper*, 995 F.3d 134, 145 (4th Cir. 2021) (quoting *Va. Citizens Def. League v. Couric*, 910 F.3d 780, 783 (4th Cir. 2018)). Goodman argues only that "a defamation claim cannot survive the death of the claimant," and he does not discuss the elements of defamation or point to evidence in the record to support his motion. The Court will neither "conjure up questions" that Goodman has not presented nor ignore Goodman's failure to allege facts to support his motion for summary judgment on Count I. *See Jenkins*, 2021 WL 6496548, at *3. Accordingly, the Court DENIES Goodman's motion as to Count I. (ECF No. 66.)

### C. Business Conspiracy (Count II)

The plaintiffs also allege that Goodman, along with Patricia Negron and Susan Holmes, conspired to damage Steele's and EIN's reputations. Section 18.2-500 of the Virginia Code "provide[s] civil relief, including treble damages, for persons 'injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499.'" *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 214, 754 S.E.2d 313, 317 (2014). To prove a business conspiracy under §§ 18.2-499–500, "a plaintiff must establish: '(1) a combination of two or more

4

persons for the purpose of willfully and maliciously injuring plaintiff in his [reputation, trade, business or profession;] and (2) resulting damage to plaintiff.'" *Id.* at 214, 754 S.E.2d at 317 (quoting *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449, 318 S.E.2d 592, 596 (1984)).

First, Goodman reiterates his argument regarding the plaintiffs' standing, explaining that "[t]here can be no claim for conspiracy without an underlying tort and so, plaintiffs' conspiracy claims fail as a matter of law." (ECF No. 67, at 3.) Then, Goodman addresses only one element—damages—of the plaintiffs' business conspiracy claim. Goodman asserts that Steele suffered no damages. He argues that Steele's "personal income was not impacted by the financial performance of EIN in the way a for profit CEO's would be." (*Id.*) Goodman also asserts that "in 2017, EIN raised more than twice as much money as it had in any previous year. RDS'[s] salary increased to $50,813, its highest level in company history and more than the total gross revenue of 2016." (*Id.* (citing ECF No. 41-1, at 3.) Finally, Goodman alleges that Steele's "interacting with Goodman during the relevant time in question actually may have benefitted plaintiffs." (*Id.*) To support his assertions, Goodman refers to EIN's 2017 tax return. (*See id.* (citing ECF No. 41-1).) The plaintiffs contend that Goodman has failed to assert undisputed facts to support his motion.

"[A]t the summary judgment stage[,] the [Court's] function is not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The 2017 tax return lists Steele's salary for 2017 and the total support EIN received in the years 2013 through 2017. Viewing the facts in the light most favorable to the plaintiffs, the information that Goodman points to in EIN's 2017 tax return, without more, fails to establish that Steele suffered no damages. *See Celotex Corp. v. Catrett*, 477 U.S. at 322. Genuine disputes of material fact

regarding whether Steele or EIN suffered damages after interacting with Goodman, and Goodman has failed to address the other element of the plaintiff's business conspiracy claim. The Court therefore DENIES Goodman's motion for summary judgment on Count II. (ECF No. 66.)

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and to the pro se plaintiff.

Date: 27 April 2023
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge