IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| KATHY STEELE, Administrator of the Estate of Robert David Steele<br><br>-and-<br><br>EARTH INTELLIGENCE NETWORK<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN<br><br>Defendant | Case No.: 3:21-cv-00573-JAG<br><br>**OBJECTION TO ORDER** |

Defendant Jason Goodman ("Goodman") by and for himself pro se, respectfully submits this objection to the Court's order (ECF No. 85) for the reasons stated below.

The Court repeats that Goodman has not alleged any new information and therefore, rests on its decision to allow Kathy Steele ("Steele") to substitute for her deceased husband Robert David Steele ("RDS") and for Virginia Nonstock Corporation Earth Intelligence Network ("EIN"). As executor of his estate, Steele may be the proper substitute for RDS, but she is not the proper party to substitute for the tax-exempt public charity EIN. The Court acted ultra vires when it granted Steele legal authority to act as a director and to take legal action on behalf of a tax-exempt public charity. After the Court illegally granted director authority to Steele, she filed a false and materially misleading document with the Virginia Secretary of State. Steele signed on behalf of the non-existent board of directors, but she has not been elected or appointed in accordance with EIN's bylaws pursuant the Virginia Nonstock Corporations Act. **(EXHIBIT A)**

OBJECTION TO ORDER - 1

## PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs' defamation claims fail as a matter of law because in the Commonwealth of Virginia an essential element of any defamation claim is that the claimant must be a living person. All other facts are rendered immaterial in Virginia courts when defamation claims concern a deceased party.

("[T]he law of defamation historically has protected a basic [*38] interest. The individual's right to personal security includes his uninterrupted entitlement to enjoyment of his reputation." (citing Fuller v. Edwards, 180 Va. 191, 22 S.E.2d 26, 29 (Va. 1942))); Restatement (Second) of Torts § 560 cmt. a (Am. Law Inst. 2019) (noting that there generally exists no cause of action for defamation of a decedent's reputation, because defamation involves an interest in one's reputation that is personal); id. § 652C cmt. a (noting that the "interest protected by the [cause of action for the misappropriation of one's name or likeness] is the interest of the individual in the exclusive use of his own identity . . . in so far as the use may be of benefit to him or to others" and likening that interest to a property right).

Williams v. Microbilt Corp., No. 3:19cv085 (REP), 2019 U.S. Dist. LEXIS 227601, at *37-38 (E.D. Va. Sep. 23, 2019)

The Fourth Circuit has determined, "In Maryland, a claim for slander cannot be maintained against the estate of a decedent if the claim arose before the decedent's death. See Md. Code Ann., Estates and Trusts, § 8-103(b) (Michie 1991 & Supp. 1999)."

Carroll v. City of Westminster, 233 F.3d 208, 212 (4th Cir. 2000)

The Court has failed to cite any case in which a deceased party, their family members, executors, or heirs succeeded as defamation plaintiffs or succeeded in continuing defamation claims after the allegedly defamed party's death. Neither plaintiffs nor the Court can cite such a

OBJECTION TO ORDER - 2

case because Virginia law does not allow it. Plaintiffs' defamation claims must be dismissed as a matter of law. Absent the underlying tort, claims of business conspiracy fail as a matter of law.

In further defiance of law, the Court has unilaterally appointed Steele to the role of board director of a tax-exempt public charity she is legally disqualified from chairing or participating in. This illegal appointment arguably makes the Court complicit in the alleged charity fraud Goodman believes to be endemic to the facially and fundamentally defective corporate structure of EIN. If not encouraging or directly participating in illegal behavior, the Court is at least allowing it. No Court may act in contravention of the law. IRC § 501(c)(3) describes in detail the requirements and restrictions placed upon tax-exempt public charities, which Plaintiffs do not deny includes EIN. In *Fariss v. Lynchburg Foundry*, as cited by the Court, the executor of the Farris estate continued an action seeking payment of the decedent's pension. No tax-exempt public entity was involved, and no defamation claim was decided. The citation does not support the Court's conclusion that a defamation claim is considered cognizable in Virginia after the death of the claimant and therefore, this matter is not guided by Va. Code § 8.01-25.

The Court cannot cite a case in which another Virginia court decided in favor of heirs of a deceased defamation plaintiff. Nor can the Court cite any case in which another court granted control of a tax-exempt public charity to the executor of a deceased director's estate. No legal precedent exists to do either of these things. Court appointment of directors is not addressed in the bylaws that govern EIN and no law allows the Court to cure a defective tax-exempt public charity via unilateral appointment of directors. To wit, the Court's appointment of a director's family member counteracts safeguards the IRS has in place to avoid misuse of tax-exempt funds.

In *People ex rel. James v. Trump*, 66 Misc. 3d 200, 112 N.Y.S.3d 467 (N.Y. Sup. Ct. 2019) ("NY v Trump"), New York Attorney General Letitia James sued the former President, the

OBJECTION TO ORDER - 3

Trump Foundation, and members of the Trump family, inter alia for "Failure to Maintain Proper Governance". That action alleged in part, "... none of the Foundation's expenditures or activities were approved by its Board of Directors. The investigation found that the Board existed in name only: it did not meet after 1999; it did not set policy or criteria for choosing grant recipients, and it did not approve of any grants. Mr. Trump alone made all decisions related to the Foundation."

This is precisely what Steele is attempting with EIN, however she is not even a legitimately appointed director. Additionally, as a public charity, EIN is governed by even stricter rules than private family foundations like the now dissolved Trump Foundation. This Court has enabled and even encouraged ongoing illegal activity by anointing Steele the sole director of the fatally defective public charity EIN. This illegal and faulty decision granted Steele illicit control over EIN's non-existent board of directors and all decisions.

The IRS has published a document titled "Governance and Related Topics - 501(c)(3) Organizations" which provides details of the code that governs nonprofit public charities including EIN (https://www.irs.gov/pub/irs-tege/governance_practices.pdf). The document states in relevant part, "Irrespective of size, a governing board should include independent members and should not be dominated by employees or others who are not, by their very nature, independent individuals because of family or business relationships. The Internal Revenue Service reviews the board composition of charities to determine whether the board represents a broad public interest, and to identify the potential for insider transactions that could result in misuse of charitable assets. The Internal Revenue Service also reviews whether an organization has independent members, stockholders, or other persons with the authority to elect members of the board or approve or reject board decisions, and whether the organization has delegated control or key management authority to a management company or other persons."

OBJECTION TO ORDER - 4

EIN has no independent members, stockholders, or other persons with authority to elect members and the Court has no inherent authority to appoint parties to these roles. Even if the Court determines that it does have inherent unilateral authority to appoint directors to defective public charities that are governed by IRS Code and the Virginia Nonstock Corporations Act, the "proper party" would have to be someone who could be reasonably viewed as "independent because of family or business relationships" with regard to any deceased director. The wife or executor of the decedent is not independent with regard to the family or business relationship and therefore, not the proper party to substitute for EIN in this matter.

The Court acted ultra vires when it granted an unqualified, non-director the authority to act on behalf of EIN's non-existent board of directors. By the letter of the law and its own bylaws, no individual may act on EIN's behalf without first being properly elected or appointed to the board of directors. EIN's lack of a legally required and properly appointed board of directors causes it to fail as a legitimate corporate entity pursuant to the laws by which it was organized. As a result, EIN inherently lacks standing to sue or be sued pursuant to FRCP Rule 17(b)(2). It is not within the Court's discretion to rectify this failure through board member appointments. Even if the Court disagrees, and finds EIN does have standing to sue, at the moment of RDS' demise, there was no qualified individual with the legal authority to make decisions for the board including the decision to continue this suit, make payments to attorney Steven Biss ("Biss") or do anything on EIN's behalf.

To the extent plaintiffs' defamation claims relate to alleged damage to RDS' personal reputation, the Court's citation of *Farris v Lynchburg Foundry* again fails to support the stated conclusion. Mrs. Farris was not attempting to defend a defamation claim against her deceased husband, but rather a claim of monetary damage borne by his estate. Plaintiffs claim only that

OBJECTION TO ORDER - 5

allegedly defamatory action caused monetary damage by reducing EIN fundraising. Goodman presented IRS 990 forms showing RDS' increasing salary in support of the stipulation that only EIN's fundraising was financially damaged during the relevant period, not RDS personally.

## CONCLUSION

Even if the Court allows a defamation claim to survive the death of the claimant for the first time in the history of Virginia jurisprudence, Va. Code § 8.01-25 states the Court "may order substitution of the proper party" not that it shall. Further, any such substitution must be limited to a proper party and cognizable claims. The determination of "proper party" is left to the Court's discretion but such a decision cannot be rendered in contravention of the law.

In exercising its discretion, the Court acted ultra vires by illegally appointing a director or surrogate to control the tax-exempt public charity which is governed by IRC 501(c)(3) and the Virginia Nonstock Corporations Act. The Court lacks authority to supersede IRS Code or Virginia law. The Court must correct this error and reverse its illegal decision, or rulings in this action may be deemed void and vacated pursuant to FRCP Rule 60(b)(4). Goodman moves the Court to grant his motion for summary judgement, to order the mandatory dissolution of EIN, to refer Steele and Biss to the IRS for investigation and any other relief determined by the Court.

Signed this 1st day of May 2023

Respectfully submitted,

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

OBJECTION TO ORDER - 6