


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| KATHY STEELE, Administrator of the Estate of Robert David Steele<br><br>-and-<br><br>EARTH INTELLIGENCE NETWORK<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN<br><br>Defendant | Case No.: 3:21-cv-00573-JAG<br><br>**RESPONSE TO MEMORANDUM IN OPPOSITION** |

Defendant Jason Goodman ("Goodman") by and for himself pro se, respectfully submits this response to plaintiffs' memorandum in opposition to the motion for leave to object to discovery demands.

## INTRODUCTORY STATEMENT

This is sham litigation, described by the Honorable M. Hannah Lauck as a "spitting contest" that should not be in federal court. This instant matter was deliberately initiated in the wrong venue, for an improper purpose and has been continued by an improper plaintiff in defiance of state and federal laws as described in defendant's objection (ECF No. 87).

Plaintiffs have repeatedly failed in their ongoing obligations to meet and confer in good faith despite already having been admonished for this. Plaintiffs' counsel Steven Biss ("Biss") has refused to accept or return phone calls except for the 26(f) conference and has ignored emails. Plaintiffs made numerous written discovery requests that were not discussed in the 26(f)

RESPONSE TO MEMORANDUM IN OPPOSITION - 1

conference or contradicted what had been agreed to on the call. Goodman contacted Biss by email on March 25, 2023 with questions about discrepancies in discovery requests. No response was received until April 16, 2023 **(EXHIBIT A)**. It is simply false to claim that Goodman caused the delay. Plaintiffs have obstructed communication and deliberately caused delay so that they could provoke motions for sanctions as they now have, in an attempt to compel unnecessary and burdensome discovery. Given plaintiffs' past history and ongoing behavior, the risk that irrelevant information sought might be abused or mishandled outweighs its value in this matter.

## BACKGROUND

On June 13, 2017, George Webb Sweigert ("Webb") introduced defendant Goodman to deceased former plaintiff Robert David Steele ("RDS") telephonically. Goodman had never spoken with RDS prior to the telephonic meeting that was broadcast live on YouTube. (https://odysee.com/@Crowdsourcethetruth:d/Robert-David-Steele:3?r=9922rETvx97mzYoXiHAtUW8RPm7Lxq6A). During the call, RDS informed Goodman of the existence of Earth Intelligence Network, ("EIN") an entity RDS claimed to be a 501(c)(3) non-profit public charity in good standing and operating under his legitimate control. In good faith, Goodman allowed the promotion of the charitable fund-raising efforts on the broadcast. The following day, on a seemingly unrelated broadcast, Webb called Goodman again to report evidence Webb claimed indicated the presence of dangerous radiological material on the cargo vessel Maersk Memphis. The result was the closure of the Port of Charleston as the Court is already aware, (https://www.nytimes.com/2017/06/15/us/port-dirty-bomb-south-carolina.html). As the Court is also aware, this resulted in RDS sending an email to Goodman and Webb, alleging Goodman would be arrested, but advising Webb to continue working with RDS, prompting various statements by Goodman and this instant litigation.

RESPONSE TO MEMORANDUM IN OPPOSITION - 2

The sequence of events that catalyzed this sham litigation was little more than a confidence scheme calculated by RDS, Webb and others. In the nearly six years since this event, plaintiffs, their associates, and surrogates including plaintiffs' counsel Biss, Webb and Webb's brother David George Sweigert ("Sweigert"), have endeavored to convince the public and to cause the Court to create an official determination that Goodman is to blame for the incident.

The FBI notably does not share plaintiffs' views of the events of that day. Goodman has not been arrested or charged despite the FBI investigation into the incident and Goodman's communication with the Columbia, SC FBI field office. Plaintiffs' fabricated explanation of this event as presented to the Court was intended to frame Goodman as the source of information leading to the port closure, and the dispute that gave rise to this litigation. Despite the utter falsity of plaintiffs' claims, they have been used as a pretext in multiple lawsuits against Goodman as plaintiffs and Sweigert have subjected him to years of tag team litigation. (*See* Sweigert v Goodman Case 1:18-cv-08653-VEC, Sweigert v Goodman Case 1:22-cv-02788, Sweigert v Multimedia System Design, Inc et al Case 2:22-cv-10642-GAD-EAS, Sweigert v Cable News Newtwork Case 2:20-cv-12933-GAD-KGA).

**CYBERSTALKING AND JUDICIAL HARASSMENT**

This case is a component of a larger ongoing cyber harassment campaign coordinated by Sweigert and initiated by deceased former plaintiff RDS. As the Court is aware, little more than two weeks after plaintiffs brought this action in the Alexandria division in direct defiance of Judge Lauck's oral order, Sweigert attempted to intervene and was denied (*See* Case 1:20-cv-01140-RDA-IDD ECF No. 8). Sweigert had previously attempted to intervene in the initial iteration of this case and was also denied (*See* Case 3:17-cv-00601-MHL Document 153). Nothing about the circumstance had changed between the two attempts, Sweigert merely makes

RESPONSE TO MEMORANDUM IN OPPOSITION - 3

a mockery of the Court as he uses it to harass Goodman with excessive frivolous filings. In what can only be described as a disturbing psychotic obsession, Sweigert persistently endeavors to frustrate Goodman in any way he can, nearly every day since this incident arose. In addition to judicial harassment, Sweigert has engaged in an ongoing cyber harassment campaign. Sweigert immediately came to plaintiffs' defense, declaring Goodman an "IRS snitch" and plaintiff Steele an innocent widow **(EXHIBIT B)**. By allowing this abuse of justice to continue, the Court makes itself complicit with the ongoing harassment of Goodman.

## PLAINTIFFS ALREADY GRANTED EXTRAORDINARY LEAVE

Plaintiffs have already been shown remarkable leniency. During the final hearing on this matter, plaintiffs were ordered by the honorable M. Hannah Lauck that any continuation of their litigation, "would have to be here, and it would have to be in my court." Nothing could be clearer, yet this Court has allowed plaintiffs to brazenly defy judge Lauck's order offering no explanation as to what legal precedent legitimizes such a decision. Such an order intends to preserve judicial resources and allow efficient adjudication of any potentially legitimate claims. Its inherent intent was to avoid rehashing of the spitting contest this Court has allowed. Having spent time on these existing arguments, and demanding no similar case could return, Judge Lauck could not have intended to allow plaintiffs more latitude for additional vexatious filings such as the failed additional intervention attempt by Sweigert. The Court has chosen to allow plaintiffs to defy orders plaintiff found unfavorable and now considers their pleading to hold Goodman to the rules. Not granting leave would be a demonstration of bias in favor of plaintiffs.

## CONCLUSION

The Court should grant Goodman leave to object to plaintiffs' discovery requests as they are irrelevant and overbroad. Plaintiffs need only seek discovery that could answer questions

RESPONSE TO MEMORANDUM IN OPPOSITION - 4

pertaining to the legality of any defamation claim emanating from a deceased party in the commonwealth of Virginia and the ability of a deceased director's family member to take control of a public nonstock corporate entity. Neither the plaintiffs nor the Court have established any precedent in which either of these occurrences have been allowed as a matter of law. No discovery beyond these two issues should be allowed. Goodman further moves the Court to overturn its prior illegal rulings pursuant to FRCP Rule 60(b)(4) as they currently place the Court at odds with the law rendering them void.

Signed this 2nd day of May 2023

Respectfully submitted,

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

RESPONSE TO MEMORANDUM IN OPPOSITION - 5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KATHY STEELE, | Case No.: 3:21-cv-00573-JAG |
| -and- | |
| EARTH INTELLIGENCE NETWORK | **CERTIFICATE OF SERVICE OF SERVICE** |
| Plaintiff, | |
| vs. | |
| JASON GOODMAN, | |
| Defendant | |

It is hereby certified that defendant, Jason Goodman, served plaintiff via email to their counsel Steven Biss with a copy of the response to memorandum in opposition to motion seeking leave to object to discovery requests.

Signed this 2nd day of May 2023

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

CERTIFICATE OF SERVICE OF SERVICE - 1