IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY STEELE, ADMINISTRATOR of the
ESTATE OF ROBERT DAVID STEELE, *et al.*,
          Plaintiffs,

v.                                   Civil Action No. 3:21cv573

JASON GOODMAN,
          Defendant.

## ORDER

This matter comes before the Court on a motion seeking leave to object to the plaintiffs' discovery requests filed by the defendant, Jason Goodman. (ECF No. 75.) Goodman did not object to the plaintiffs' requests for production, and he did not produce documents in response to the plaintiffs' discovery requests. The plaintiffs then filed a motion to compel. The Court found that because Goodman failed to object to the requests for production, Goodman had waived any objections. The Court then granted the plaintiffs' motion to compel and ordered Goodman to produce the documents and information that the plaintiffs requested.

Goodman now asks the Court to allow him to file untimely objections to the plaintiffs' discovery requests, explaining that he "misunderstood the process and incorrectly interpreted the rules causing him to believe a dispositive motion such as the one for summary judgment, superseded discovery and obviated the need to object." (ECF No. 75, at 2.)

"Unless otherwise ordered by the Court, an objection to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37 shall be served within fifteen (15) days after the services of the interrogatories, request, or application . . . ." Local Civ. R. 26(C). The *Pro Se* Litigant Handbook explains that "[a]ll litigants are expected to follow the rules that govern the practice of law in the Federal Courts and be familiar with the Federal Rules of Civil Procedure

and the Local Rules of this Court." *See Pro Se Reference Handbook* (July 26, 2022), https://www.vaed.uscourts.gov/sites/vaed/files/EDVACOMPLETEProSeHandbook_7-26-22.pdf. The Court "may, for good cause, extend the time" for Goodman to object "on motion made after the time has expired if [he] failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996). "In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Colony Apartments v. Abacus Project Mgmt., Inc.*, 197 Fed. App'x 217, 223 (citing *Thompson*, 76 F.3d at 533).

The Court finds no excusable neglect. Goodman's untimely request would likely prejudice the plaintiffs, as discovery has closed. Moreover, Goodman filed his motion two months after the plaintiffs' request for production and one week after the Court's Order that required him to produce the requested documents. And because "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," the Court finds that Goodman's misunderstanding does not rise to excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Accordingly, the Court DENIES Goodman's motion. (ECF No. 75.) Goodman SHALL produce the documents and information as set forth in the Court's April 12, 2023, Order no later than **Monday, May 8, 2023**. (*See* ECF No. 72.) The Court cautions Goodman that his failure to do so may result in sanctions, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action" and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i), (iii).

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and to the *pro se* defendant.

Date: 3 May 2023
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge