IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION



| | |
|---|---|
| KATHY STEELE, Administrator of the Estate of Robert David Steele<br><br>-and-<br><br>EARTH INTELLIGENCE NETWORK<br><br>Plaintiff,<br><br>vs.<br><br>JASON GOODMAN<br><br>Defendant | Case No.: 3:21-cv-00573-JAG<br><br>**MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT** |

Defendant Jason Goodman ("Goodman") by and for himself pro se, respectfully moves the Court for leave to file an interlocutory appeal pursuant to 28 U.S. Code § 1292(b) by and with the attached form Notice of Appeal from the United States Court of Appeals for the Fourth Circuit. Goodman seeks interlocutory judgment on this Court's order issued April 27, 2023 (ECF No. 85) because it involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order would materially advance the ultimate termination of this litigation.

### INTRODUCTORY STATEMENT

28 U.S. Code § 1292(b) grants District Court Judges the authority to issue an order permitting interlocutory appeal of an order or judgment, when that judge "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT - 1

ultimate termination of the litigation." Granting an interlocutory appeal does not automatically stay proceedings in the district court, but proceedings may be stayed should the requisite judges so order. Goodman now seeks leave of the Court to grant an order for interlocutory appeal and to stay these proceedings including discovery pending judgment from the Fourth Circuit.

## ARGUMENT

On November 16, 2021, the Court acted within its discretion by allowing Kathy Steele ("Steele") executor of the estate of Robert David Steele, ("RDS") to substitute as plaintiff. The Court proceeded ultra vires when it appointed Steele as a director, receiver, or surrogate to the board and allowed her to act on behalf of tax-exempt public charity Earth Intelligence Network ("EIN") despite her being disqualified pursuant to the by-laws, articles of incorporation and the Virginia Nonstock Corporations Act. At the time of the substitution, among other claims, the Court was considering an unauthorized use of name and picture claim. This raised questions of property rights and pecuniary damage to RDS' estate. It is not denied that Steele is the executor of RDS' estate and had a right to defend it. Even if the Court has legal authority to appoint a receiver or surrogate to EIN's board, it must be someone who qualifies as a director by the laws which EIN is organized in order for it to maintain standing pursuant to FRCP Rule 17(b)(2).

Because the Court has rested on its decision citing only cases in which executors or heirs had standing to defend property rights and not defamation claims, and because the Fourth Circuit has upheld that defamation claims are only cognizable when they pertain to living parties, there is substantial ground for difference of opinion. The Fourth Circuit must determine if dismissal of plaintiffs' unauthorized use of name and picture claims caused plaintiffs to lose standing with regard to the remaining defamation claims. The Court has not cited any law or legal precedent

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT - 2

that allows a defamation claim to survive the death of the original claimant giving substantial ground for difference of opinion and the need for a determination by the Appellate Court.

The Fourth Circuit has already decided in Carroll v City of Westminster that heirs or executors may not continue defamation cases for deceased parties (ECF No. 87 page 2 line 20). The Court has not cited another case or ruling that guides this matter, but it has decided in favor of the plaintiffs to wrongly continue the case. The Fourth Circuit must determine if the District Court acted ultra vires when it construed a defamation claim maintained by an executor of a deceased party as cognizable in the Commonwealth of Virginia and sufficient to continue the case. The Fourth Circuit must further determine if the Court acted ultra vires in appointing a legally disqualified director as the receiver or surrogate to the board of directors of EIN.

## CONCLUSION

In the interest of judicial efficiency, to answer the controlling questions of law to which there is substantial ground for difference of opinion, to serve justice and for any other reason that the Court may find, the Court should grant an order for an interlocutory appeal in the Fourth Circuit Court of the United States on the ruling issued April 27, 2023 (ECF No. 85) and stay these proceedings including discovery, pending a decision from the Appellate Court.

Signed this 5th day of May 2023

Respectfully submitted,

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT - 3