IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY STEELE, ADMINISTRATOR of the
ESTATE OF ROBERT DAVID STEELE, *et al.*,
      Plaintiffs,

v.                                                        Civil Action No. 3:21cv573

JASON GOODMAN,
      Defendant.

## ORDER

This matter comes before the Court on the motion seeking leave to file an interlocutory appeal, (ECF No. 90), and the notice of interlocutory appeal, (ECF No. 91), filed by the defendant, Jason Goodman. Goodman has filed a notice of appeal from the Court's Memorandum Order denying Goodman's motion for summary judgment with the Fourth Circuit. (*See* ECF Nos. 85, 90.) "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). When a party appeals a non-final interlocutory order—as Goodman has done here—a district judge may certify an order as appealable if they are "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The order Goodman appeals does not meet this standard. Accordingly, the Court DENIES Goodman's motion for leave to file a notice of interlocutory appeal. (ECF No. 90.)

Nevertheless, in light of the pending appeal at the Fourth Circuit, the Court has lost jurisdiction to proceed with the trial currently scheduled for May 30, 2023, and the Fourth Circuit now has jurisdiction over this case. *See Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (4th Cir. 2001) ("Generally, the filing of a notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals.").

The plaintiffs, of course, can file a motion to dismiss Goodman's appeal at the Fourth Circuit. This Court will preserve the current trial date, so that if the plaintiffs choose to move to dismiss the appeal, and the Fourth Circuit grants their motion, the case can proceed in a timely manner. If the plaintiffs file a motion to dismiss Goodman's appeal with the Fourth Circuit, and the Fourth Circuit denies their motion, this Court will reschedule the trial after the Fourth Circuit resolves the appeal.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and to the *pro se* defendant.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 5 May 2023
Richmond, VA