IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| KATHY STEELE, <br><br> Administrator of the Estate of Robert David Steele <br><br> -and- <br><br> EARTH INTELLIGENCE NETWORK, INC. <br><br> Plaintiff, <br><br> vs. <br><br> JASON GOODMAN, <br><br> Defendants | Case No.: 3:21-cv-00573-JAG <br><br> **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF SANCTIONS PURSUANT TO FRCP RULE 11** |

## INTRODUCTION

Defendant Jason Goodman ("Goodman") by and for himself pro se, respectfully submits this memorandum of law in support of his motion for sanctions, pursuant to FRCP Rule 11 and this Court's inherent power, against Plaintiffs and their attorney Steven S. Biss ("Biss") for intentionally presenting pleadings for an improper purpose to harass, cause unnecessary delay, and increase the cost of litigation. After being ordered to refile any future iterations of this case in the Richmond division, Plaintiffs, immediately, improperly and with the intent to delay, refiled in the Alexandria division unnecessarily increasing the cost of litigation. Plaintiff Kathy Steele ("Steele") continued this action on behalf of her deceased husband despite the Fourth Circuit's determination that families of decedents have no standing to bring, or right to continue, defamation claims on behalf of dead relatives. Additionally, Steele and her attorney Biss also

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 1

violated Virginia's Nonstock Corporations Act when they illegally seized control of the vacant board of directors of a Virginia non-profit public charity, co-plaintiff Earth Intelligence Network ("EIN"). Upon illegally seizing control of EIN, Plaintiffs proceeded for the improper purpose of continuing this lawsuit without the legitimate standing of properly appointed board directors or legal authority to do so. Plaintiffs have admitted in prior litigation and public IRS filings (*See* Case 3:17-cv-00601-MHL Document 78-14 Page 9 Schedule O Paragraph 2) that Biss was retained on contingency, stating, *"Legal counsel retained on contingency basis. No legal fees paid."* Biss was motivated to continue this case after RDS died because he would only be paid for years of vexatious litigation if Goodman lost and there was a money judgement against him. Plaintiffs' deliberate effort to harass Goodman and prolong these proceedings with the wrongful continuation of the case is the precise reason Rule 11 sanctions must apply.

This sham litigation was described by the Honorable M. Hannah Lauck as *"a spitting contest"* which she could not believe had *"come into a federal court, frankly."* (*See* Case 3:17-cv-00601-MHL ECF No. 214 Page 68 Line 17). Plaintiffs refiled the same defective claims in direct violation of Judge Luack's explicit order and FRCP Rule 11. For those reasons sanctions should apply. The intent of the order was to ensure efficient adjudication of any future ill-advised iteration of a case she presided over for years and found nearly completely lacking merit. Plaintiffs' deliberate, improper refiling in Alexandria achieved its wrongfully calculated result in that it caused unnecessary delay, unduly increased costs, and further harassed Goodman.

## BACKGROUND

The original plaintiff in this matter, Robert David Steele ("RDS"), initially brought this action in September 2017. Goodman had been introduced to RDS over the phone by a mutual

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 2

acquaintance, non-party George Webb Sweigert ("Webb") on June 13, 2017, when Webb called in to Goodman's internet talk show. The next day, June 14, 2017, almost as if pre-arranged, Webb called in again with allegations of a dirty bomb aboard a cargo ship approaching the Port of Charleston in South Carolina. Webb's call resulted in the FBI closing the Port and made national news, (https://money.cnn.com/2017/06/16/media/port-of-charleston-dirty-bomb-conspiracy-theory-shutdown/index.html). The Court should note Webb's brother, David George Sweigert ("Sweigert"), and his ongoing attempts to insinuate himself into this litigation citing the Port of Charleston and other unrelated incidents in numerous filings and motions he made in his persistent, malicious efforts to intervene. (*See* Case 3:17-cv-00601-MHL Document 153)

After agitating Judge Lauck's docket for months, Sweigert went on to instigate or otherwise participate in no less than approximately nineteen legal actions involving Goodman from 2017 through 2023. In this case, Plaintiffs address the highly suspicious Port of Charleston incident extensively in their complaint and RDS' cited it as his reason for making allegations against Goodman. On or around June 15, 2017, RDS publicized a rumor that Goodman would be arrested by NYPD for planning a bomb hoax in the Port of Charleston. Goodman was not arrested or even accused by NYPD or any legitimate agency because he did not plan any hoax. RDS' allegations and Goodman's subsequent interactions with RDS provoked this legal action.

The honorable M. Hannah Lauck initially presided over this case, rightly declaring it a *"spitting contest"* that should not have made its way into U.S. District Court. Her observations underscore the harassing and meritless nature of the case. She went into explicit detail when she warned Plaintiffs against any revival at the final hearing. Judge Lauck instructed Plaintiffs that should they seek another bite at this apple, *"it would have to be here, and it would have to be in*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 3

*my court."* This verbal order could not have been more clearly stated, yet it has been completely ignored by Plaintiffs and Judge Gibney without explanation. This glaring anomaly must be rectified and cannot be allowed to stand. Sanctioning Plaintiffs pursuant to Rule 11 for the filings that are the fruit of this action is the only appropriate course. Judge Lauck had already spent more than three years presiding over this case. The stated intention of her verbal order was to focus this litigation to any possible legitimate claim and to grant Plaintiffs their last available opportunity to cure fatal defects in an attempt to form a cognizable claim if any existed. Plaintiffs were not instructed to needlessly squander an additional year waiting for the Alexandria division to waste its judicial resources determining the case should return to Richmond. Rewarding Plaintiffs with a gained advantage in this litigation only encourages future plaintiffs to likewise ignore properly issued orders. Plaintiffs' actions have inarguably increased the cost and duration of this proceeding in violation of FRCP Rule 11. Sanctions must be applied lest the Court forfeit its own authority. If any judge's orders are to be followed, they all must be. If the Court chooses not to sanction Plaintiffs for arbitrarily ignoring Judge Lauck's order to their own benefit, it sends a signal that any order can be ignored without repercussions. This is another reason why the Court must apply sanctions pursuant to FRCP Rule 11 in this instance. Because the Plaintiffs disobeyed Judge Lauck's order with clear intent to avoid dismissal, and because their disobedience was so egregious, proportionate sanctions should include dismissal with prejudice. Alternatively, the Court could elect to transfer the case back to Judge Lauck as originally ordered or apply any other sanctions as determined by the Court.

Plaintiffs willfully disobeyed the Court for the improper purpose of avoiding unfavorable judgment. Judge Lauck made it clear she would dismiss the case with prejudice if Plaintiffs

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 4

failed to cure defects or if they failed to return to her Court as ordered. Rather than follow the orders, Plaintiffs willfully defied them and filed a slightly shortened version of substantially the same claims in Alexandria. There is no question this inappropriate filing did in fact cause a large and unnecessary delay and did needlessly increase the cost of litigation and therefore Rule 11 sanctions should apply. The sum total of Plaintiffs' effort was harassment of Goodman with needlessly time-consuming frivolous litigation that only served to waste judicial resources. Goodman was compelled to spend time and money drafting and mailing multiple unnecessary filings to the Alexandria court. Goodman alleges Plaintiffs calculated their decision to harass him with no consideration for expenses imposed upon the Court. Plaintiffs' brazen defiance of FRCP Rule 11 cannot go unpunished lest the Court undermine its own inherent authority.

## ARGUMENT

### I. SANCTIONS ARE APPROPRIATE UNDER RULE 11 AND THIS COURT'S INHERENT AUTHORITY

All parties, including those proceeding pro se, are bound by Rule 11. See Fed. R. Civ. P. 11 advisory committee notes (1993) ("The rule retains the principle that attorneys and pro se litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule 11."). An attorney's signature on a pleading certifies that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 5

(3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(l)-(3). When Plaintiffs refiled in Alexandria in deliberate defiance of Judge Lauck rather than in Richmond as ordered, they violated all three provisions.

**Rule 11(b)(1).** Plaintiffs have engaged in a six-and-a-half-year long campaign of sham litigation calculated to harass Goodman and extort money from him. Emails obtained during discovery and presented to Judge Lauck in the first round of litigation revealed Plaintiffs scheming to sue Goodman presuming he had $500,000 worth of insurance they could collect. These emails in part informed Judge Lauck's decision to initially dismiss the case. Rather than following orders, and knowing they had a losing case replete with defective claims, Plaintiffs refiled in Alexandria expressly to avoid judgement by the Richmond Court, to wrongfully gain an advantage in litigation and so they could continue to harass Goodman, cause unnecessary delay in the case, and needlessly increase costs which they did. "As a general rule, the "central purpose" of a lawsuit must be "to vindicate rights." See In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990). Even "if a complaint is filed to vindicate rights in court, and also for some other purpose," sanctions are not appropriate unless the added purpose is "undertaken in bad faith and is . . . so excessive as to eliminate a proper purpose." [*10] Id. In assessing the propriety of filing a complaint to initiate a lawsuit, the court must evaluate the objective reasonableness — rather than the subjective intent — underlying the filing."

Colum. Gas Transmission, LLC v. Haas, No. 22-1504, 2023 U.S. App. LEXIS 19300, at *9 (4th Cir. July 27, 2023)

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 6

Even if the Court determines Plaintiffs do have some right to defend somewhere buried in this litigation, their actions in total have been undertaken in excessive bad faith and for an objectively improper purpose. Their violations of rules of procedure, this court, ethics, and the law rise to the level of bad faith and to such an extent, sanctions are not only warranted, but they are also necessary to prevent these and future litigants from taking advantage of the courts. Objectively speaking, it cannot be deemed a viable route for a Plaintiff to brazenly defy a judge's orders when that Plaintiff determines following the order would result in dismissal of their case with prejudice. There is no reasonable excuse for a Plaintiff to defy a judge's order to gain an advantage in litigation and it cannot be allowed. Plaintiffs' actions must be sanctioned.

**Rule 11(b)(2)-(3).** Plaintiffs defied Judge Lauck's order filing a slightly edited version of nearly identical claims that had already been found insufficient to proceed to trial. The length of their filing was only one cited defect. Plaintiffs knew their claims and evidence lacked sufficient merit to proceed to trial. Rather than follow Judge Lauck's order and return with cured, cognizable claims, they chose to frivolously file nearly the same defective claims in Alexandria in defiance of Rule 11(b)(2)-(3). The Fourth Circuit has determined, "a lawyer does not contravene Rule 11 merely because the judge does not agree with the allegations. *See* Brubaker v. City of Richmond, 943 F.2d 1363, 1377 (4th Cir. 1991). Rather, "[f]or Rule 11 purposes, the allegation merely must be supported by some evidence." Id. Sanctions are only warranted if an allegation has no factual basis."

Colum. Gas Transmission, LLC v. Haas, No. 22-1504, 2023 U.S. App. LEXIS 19300, at *11 (4th Cir. July 27, 2023)

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 7

Plaintiffs knew none of their claims had been found to have sufficient evidentiary, factual, or legal basis to proceed. Rather than curing their defective claims and returning before Judge Lauck in Richmond as ordered, Plaintiffs refiled nearly identical defective claims in the Alexandria division to avoid another ruling from Judge Lauck in defiance of Rule 11(b)(2)-(3).

## II. SANCTIONS SHOULD INCLUDE DISMISSAL WITH PREJUDICE

Because Plaintiffs' behavior was so egregious, and because it was calculated to avoid dismissal with prejudice, the sanction should be harsh. Dismissal with prejudice would be an appropriate and just sanction in this case. Plaintiffs' direct and deliberate violation of Judge Lauck's orders should not be tolerated. Allowing Plaintiffs to proceed with the case in this manner would inherently undermine the Court and the authority of Judge Lauck and her orders. Plaintiffs should be sanctioned, and their case should be dismissed with prejudice. The Fourth Circuit has ruled, "when imposing sanctions under Rule 11, a court must limit the penalty to 'what is sufficient to deter repetition of such conduct,' and 'shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.'" Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 151 (4th Cir. 2002); see also Fed.R.Civ.P. 11(c).

Segal v. Hershey, Civil Action No. 1:12-cv-00928 (AJT/IDD), 2013 U.S. Dist. LEXIS 192967, at *11 (E.D. Va. Aug. 14, 2013)

## CONCLUSION

In this case, no other sanction would ensure that Plaintiffs' more than half decade long campaign of harassing, vexatious litigation will stop. Rather than seeking to cure an injury, Plaintiffs, in a predatory manner, have sought and continue to seek money from Goodman, incorrectly calculating that they could get it by suing him. Plaintiffs deliberately refiled this case

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 8

in the Alexandria division after Judge Lauck ordered them only to refile in her Richmond Court. They did it to avoid dismissal with prejudice, a promised and likely outcome. Absent any other reason for defying Judge Lauck's order and FRCP Rule 11, the Court should sanction Plaintiffs by dismissing this case with prejudice and any other sanctions as determined by the Court.

Signed this 18th day of September 2023

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(347) 380-6998
truth@crowdsourcethetruth.org

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT SANCTIONS PURSUANT TO FRCP RULE 11- 9