IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------------------X   Case No.: 3:21-cv-00573-JAG

KATHY STEELE, Administrator of the Estate of
Robert David Steele
    -and-
EARTH INTELLIGENCE NETWORK
                              Plaintiff,                **MOTION FOR CONTEMPT**
    vs.
JASON GOODMAN
                             Defendant.

------------------------------------------------------------------X

Plaintiff, Jason Goodman, ("Goodman") by and for himself pro se, respectfully submits this motion for contempt against Plaintiffs Kathy Steele and Earth Intelligence Network for failure to comply with the Court's Order of January 4, 2024, (Dkt. 111).

## INTRODUCTION

1.    In the instant matter, which has been pending for nearly 7 years, brought by the late Robert David Steele, ("RDS), only now, after wasting more than half a decade of Goodman's time and more importantly, this Court's time, the successor to the plaintiff has decided to flagrantly ignore a court order and at the same time signal its intention not to proceed.

2.    This is not only a contemptible violation of a direct order of the Court, but it is cause for granting a judgment in favor of the Defendant on the basis of failure to prosecute.

3.    It is on these two bases that this motion is brought.

4.    This case was initiated in September 2017 by the deceased husband of plaintiff Kathy Steele, ("Steele"), the late RDS.

5.    RDS was the sole director of plaintiff Earth Intelligence Network, ("EIN") at the time of his death. No board of directors existed at the time of his death as required by the Virginia Nonstock Corporations Act and EIN's articles of incorporation.

6.Emails reviewed by the honorable M. Hannah Lauk in the predecessor to this case revealed the wife and paralegal of plaintiffs' former attorney Steven Biss, ("Biss") encouraged a non-party associate of RDS, to sue Goodman in Arizona, on the basis that they believed Goodman had insurance that might pay them $500,000.00 (five hundred thousand dollars).

7.The non-party wisely declined to bring action but another associate of RDS, non-party David George Sweigert, ("Sweigert") took up the mantel and Goodman has been sued continuously since 2017. The predecessor to this matter was the catalyst to years of legal action.

8.Responding to the litany of lawsuits plaintiffs and their misguided associates have ginned up against Goodman has occupied more of his time than any other single activity for the past seven years. Goodman's business has suffered. Goodman has had virtually no personal time to cultivate relationships, take vacations or even relax with friends and family.

9.More than 12% of Goodman's time alive on planet Earth has been occupied with the malicious litigation that was initiated by the plaintiffs' ex-husband and maliciously perpetuated by her. It is now, once and for all, time to end this case in favor of the defendant.

## BACKGROUND

10.On December 5, 2023, the Court ordered plaintiffs to advise the Court whether;

(1) Biss would remain counsel in this matter;

(2) the plaintiffs would hire or planned to hire alternative counsel; or

(3) the plaintiffs would proceed pro se, (Dkt. 109).

11.On January 2, 2024, plaintiff advised the Court;

(1) that Steven Biss would not remain counsel in this matter.

(2) that Plaintiffs did plan to hire alternative counsel to handle this case, and claimed to be doing so concurrent with the filing;

(3) that plaintiff Steele specifically declined to proceed pro se.

12. On January 4, 2024, the Court Ordered the plaintiff to retain counsel on or before February 4, 2024, (Dkt. 111).

13. On February 1, 2024, plaintiff notified the Court that she had failed to follow the Court's order, "Due to the disappearance of Mr. Steve Biss' laptop, including all of his records and notes regarding this case, I am unable to retain counsel."

14. The Court's order was not contingent upon plaintiff accessing Mr. Biss' laptop but even if it were, no evidence that anything has occurred to Mr. Biss' laptop has been presented.

15. Plaintiff should be compelled to present surveillance video, a police report, or other evidence supporting the claim of a laptop's "disappearance."

16. Even if Plaintiffs were to present convincing evidence that Mr. Biss' laptop was stolen from his office at 300 West Main Street in Richmond Virginia sometime between August 1, 2023 and February 1, 2024, they have still violated the order by failing to retain counsel.

17. This case was originally brought to harass Goodman and extort money from him. This plaintiff had an opportunity to minimize the waste of judicial resources and the burden upon Goodman and the court in 2021 but chose to maliciously press on with this vexatious litigation.

18. The Court should hold the plaintiffs in contempt and should punish them to the maximum extent suitable given these circumstances.

19. If applicable, the Court should apply punitive damages and remunerate Goodman a suitable sum for the years of time spent defending against this abusive, sham litigation.

## CONCLUSION

20. For the reasons stated herein, the Court should find the plaintiff in contempt and dismiss this case and all associated claims with prejudice. In addition, the Court should grant

unto the defendant any such appropriate relief, including financial remuneration or any other appropriate relief as determined by the Court.

Dated: New York, New York February 5, 2024

Respectfully submitted,

Jason Goodman
Pro Se Plaintiff
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------------------X   Case No.: 3:21-cv-00573-JAG

KATHY STEELE, Administrator of the Estate of
Robert David Steele
    -and-
EARTH INTELLIGENCE NETWORK
                          Plaintiff,      **CERTIFICATE OF SERVICE**
    vs.
JASON GOODMAN
                          Defendant.
------------------------------------------------------------------X

      It is hereby certified that Defendant Pro Se, Jason Goodman, served Plaintiff with a copy of the motion for contempt via USPS to the follow address

Kathy Steele
11005 LANGTON ARMS CT
OAKTON, VA 22124

                                           Dated: New York, New York February 5, 2024

                                                        Respectfully submitted,

                                                               Jason Goodman
                                                              Pro Se Plaintiff
                                truth@crowdsourcethetruth.org
                                                      252 7th Avenue Apt 6s
                                                          New York, NY 10001
                                                             347-380-6998